# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DISTRICT

**LATASHA HILL**                                                                       **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO.: 2:24-cv-107-KS-BWR**

**AUTO CLUB FAMILY INSURANCE COMPANY**                    **DEFENDANT**

### PLAINTIFF'S RESPONSES TO AUTO CLUB FAMILY INSURANCE COMPANY'S CONSOLIDATED DISCOVERY TO PLAINTIFF

**COMES NOW**, Plaintiff, Latasha Hill, by and through counsel, and responds to Defendant Auto Club Family Insurance Company's Consolidated Discovery to Plaintiff, pursuant to Rule 26, Rule 33, and Rule 34 of the Federal Rules of Civil Procedure as follows:

<u>General Objections</u>

1. Plaintiff objects insofar as the requests seek information or testimony within the scope of the attorney-client privilege or any other applicable privilege or which seek documents or things prepared in anticipation of litigation or trial by or for Plaintiff or their representatives or the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives.

2. Fed. R. Civ. P. 33(a) provides that "each interrogatory shall consist of a single question." Rule 33(a) also limits each party to thirty (30) interrogatories unless the party seeks leave of court and establishes necessity to serve more than thirty (30) interrogatories. To evade these requirements, Defendant includes in any interrogatory's numerous sub-parts. When the sub-parts are counted, the number of interrogatories greatly exceeds the thirty (30) interrogatory

limit. The addition of the sub-parts also causes the interrogatory to be over broad and burdensome and difficult to understand and to answer accurately and completely.

3. The discovery requests are overbroad and burdensome and difficult to understand and to answer accurately and completely.

4. Plaintiff objects to the definitions and instructions because they seek to impose directs or requirements over and above those set forth in Federal Rule of Civil Procedure 26, 33, and 34. The Definitions are confusing or incomprehensible.

5. To the extent that these requests seek information regarding experts, Plaintiff would state that any request for information beyond the guidelines of Fed. R. Civ. P. 26(b)(4) is improper. The Plaintiff will comply only to the extent disclosure is required under Rule 26(b)(4)(A)(i) barring a court order stating otherwise.

6. Plaintiff will supplement pursuant to the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State your full name, residence address on the date of the incident in question, the names and ages of all individuals living in that residence, your date of birth, social security number, place of birth, and, if you have ever been married, the names of any spouse and the dates of any marriage.

**RESPONSE:** Plaintiff incorporates by reference General Objection Nos. 2 and 3. Without waiver of the aforementioned objections, Latasha Shaniece Hill resides in the home by herself.

**INTERROGATORY NO. 2:** For the preceding ten (10) years, state: the names and city of each of your employers and your job descriptions for each, the date you began each employment, the date of termination of each employment, the reason for leaving.

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent Defendant seeks information that

is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:** Have you ever been either a party or a witness in a lawsuit before? If so, please give the style and disposition of each case.

**RESPONSE:** None. Plaintiff was rear-ended in Alabama in September 2024. Upon information and belief, litigation has not yet been initiated.

**INTERROGATORY NO. 4:** Describe specifically and in detail chronologically how the incident made the basis of this suit occurred, stating the source of your knowledge of all facts. Include in your answer the date of the event, the date of the claim, the date of all correspondence to/from any person or entity regarding the allegations in this lawsuit, and the date and time of all other events that form the basis of your allegations.

**RESPONSE**: Plaintiff objects in that this interrogatory is overly burdensome and invades the purview of expert opinion and attorney work product. Subject to and without waiving this objection, Plaintiff refers Defendant to the allegations in the Complaint.

**INTERROGATORY NO. 5:** Describe in detail and list separately every item of damage you contend you sustained as a result of the accident made the basis of this suit. State the basis for each damage claim and the means of calculating or determining the amount of each claim.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006)

(discussing the timing of contention interrogatories). Subject to and without waiving these objections, please see HILL000001-HILL000161.

**INTERROGATORY NO. 6:** Describe in chronological order every attempt to remediate or mitigate each item of damage mentioned in response to interrogatory five.

**RESPONSE:** Plaintiff has cleaned up the water intrusion.

**INTERROGATORY NO. 7:** State the date on which you purchased the residence that is the subject of this litigation and from whom.

**RESPONSE:** Plaintiff purchased the home in 2008 and has not experienced any other leaks until the instant storm.

**INTERROGATORY NO. 8:** For each instance of physical loss and/or damage to your home which you believe was sustained as a result of the August 29, 2021 occurrence, and for which you contend Auto Club owes you payment, please identify, with specificity, any and all areas of your home where you observed signs of damage and describe the damage. In doing so, please state the room of the house where such damage was observed, and the area within the room that was in such condition.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006) (discussing the timing of contention interrogatories). Subject to and without waiving these

objections, please see HILL000001-HILL000161.

**INTERROGATORY NO. 9:** Please describe the location by room and area of the room of any personal property or contents you believe sustained non-salvageable damage in the August 29, 2021 occurrence and for which you contend Auto Club owes you payment.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006) (discussing the timing of contention interrogatories). Subject to and without waiving these objections, other than a comforter, no personal property was damaged. Further, please see HILL000001-HILL000161.

**INTERROGATORY NO. 10:** State in dollars and cents the actual cash value and the replacement cost value of all damage to your home, and non-salvageable personal property or contents of your home for which you contend Auto Club owes you payment pursuant to the Policy. Please list the each item and amount separately.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to

litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006) (discussing the timing of contention interrogatories). Subject to and without waiving these objections, please see HILL000001-HILL000161.

**INTERROGATORY NO. 11:** State the name, address and phone number of every individual or entity that has at any time performed work as a contractor or subcontractor on the residence that is the subject of this litigation, including but not limited to roofers. Include in your answer the dates of the work and the specific work that was done. Produce all documents in your possession reflecting any such work or agreement to perform such work.

**RESPONSE:** None at this time.

**INTERROGATORY NO. 12:** List all payments by you or on your behalf for services of any kind related to the allegations in the complaint, the payee, the amount of the payment and the purpose of the payment.

**RESPONSE:** None.

**INTERROGATORY NO. 13:** State the name, age, residence address and telephone number, and employer of:

a. Each person known or believed to have knowledge of any fact or circumstance related to your claims and/or this lawsuit;

b. Each person you expect or intend to call as an expert witness or offer any opinion testimony during the trial of this case on any matter. State the subject matter you expect each witness to testify about.

**RESPONSE:**

1. Trail Hawthorne, 601-329-3291.
2. Drew Siders
3. Ilan Weizman
4. Matt Feaganes

| | |
|---|---|
| 5. Employees/Representatives of United Claims Specialists | 15. Carl Kraft |
| 6. Alberta Smith | 16. Jennifer Boeser |
| 7. Demarius Pegues | 17. Janet Bauer |
| 8. Shari Williams | 18. Stephen Buckley |
| 9. Chris Woods | 19. Mark Haire |
| 10. Claudia Rodriguez | 20. Nancy Stuart |
| 11. Joshua Schone | 21. Andy Case |
| 12. Martha Clay | 22. John Hornback |
| 13. Greg Siragusa | 23. Employees/Representatives of AAA Insurance Company |
| 14. Amanda Lamb | |

Plaintiff reserves the right to supplement this Response.

**INTERROGATORY NO. 14:** Do you contend that Auto Club intentionally failed to pay a claim under the policy? If so, state all facts supporting your contention that any such failure was intentional.

**RESPONSE:** Plaintiff objects in that this interrogatory is overly burdensome and invades the purview of expert opinion and attorney work product. Subject to and without waiving this objection, Plaintiff refers Defendant to the allegations in the Complaint.

**INTERROGATORY NO. 15:** Do you contend that Auto Club intentionally or recklessly failed to investigate any claim alleged in the complaint? If so, state all facts supporting that contention.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006) (discussing the timing of contention interrogatories). Subject to and without waiving these

objections, please see HILL000001-HILL000161.

**INTERROGATORY NO. 16:** Do you contend that any portion of the policy relied on by Auto Club was ambiguous? If so, state the policy provision and the manner in which it was ambiguous.

**RESPONSE:** Plaintiff objects in that this interrogatory seeks a legal conclusion from a lay person. Plaintiff further objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006) (discussing the timing of contention interrogatories). Subject to and without waiving these objections, please see HILL000001-HILL000161.

**INTERROGATORY NO. 17:** Have you refused or denied Auto Club access into your home at any point from the date of loss to today? If so, state the circumstances and reasons for such refusal or denial.

**RESPONSE:** No.

**INTERROGATORY NO. 18:** State any non-contractual damages claimed by category and the factual basis for each.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Further, punitive damages are determined by a jury. Subject to and without waiving these objections, please see HILL000001-HILL000161.

# EXHIBIT B

**INTERROGATORY NO. 19:** Have you received or obtained a loan against any recovery in this lawsuit or otherwise been paid any sum in exchange for a future payment out of the proceeds of any recovery from this lawsuit? If your answer is yes, please provide the following:

a. Name, address, and telephone number of the lender;

b. Name and extension of the direct contact person for the loan;

c. Loan or account number;

d. The amount of any such loan;

e. The material terms of repayment;

f. Whether such loan in a non-recourse loan;

g. Whether you made any statements to the lender that address liability, damages or any allegation in the complaint and what those statements are.

**RESPONSE:** Plaintiff objects in that the information sought by this interrogatory is irrelevant. Further, Plaintiff objects to the extent that Defendant seeks to violate the collateral source rule.

**INTERROGATORY NO. 20:** Identify all claims you made on any insurance policies in the three years immediately preceding the August 29, 2021 occurrence in which you had or claimed any damages.

**RESPONSE:** None that Plaintiff can recall in relation to the current home. She did have a mobile home claim following Hurricane Katrina.

**INTERROGATORY NO. 21:** For each insurance carrier that paid you money as a result of damages from the August 29, 2021 occurrence, state the amount of money in dollars and cents that each carrier paid under each coverage including, but not limited to that for losses to the dwelling, contents, appurtenant/additional structures, and/or additional living expenses.

**RESPONSE:** None.

# EXHIBIT B

**INTERROGATORY NO. 22:** If you contend that your contents and/or other items of personal property including but not limited to clothing, furniture, and/or decorations sustained salvageable damage as a result of the August 29, 2021 occurrence, and for which you contend that Auto Club owes you payment, please list each and every such item. For each item listed, please state its estimated value at the time of the loss and/or cost of cleaning and/or restoration, and if known, what, if anything, has been done to clean, restore, or repair it.

**RESPONSE:** Comforter. Plaintiff will supplement regarding the price.

**INTERROGATORY NO. 23:** Please state whether you are seeking damages for emotional distress and mental anguish related to August 29, 2021 occurrence. If so, please identify the physicians, counselors, and/or therapists from whom you have sought treatment for emotional distress and mental anguish.

**RESPONSE:** The Plaintiff has not sought treatment for emotional distress.

**INTERROGATORY NO. 24:** Identify any complaints you made to Auto Club before filing this suit regarding Auto Club's handling and/or adjustment of your insurance claims arising from the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**INTERROGATORY NO. 25:** Have you been informed that the answers to these interrogatories are made under oath as required by law and may be introduced into evidence in the trial of this cause?

**RESPONSE:** Plaintiff would refer Defendant to her signed verification page accompanying this response.

**INTERROGATORY NO. 26:** Will you supplement and/or amend these responses as required and without delay as additional or different information becomes available?

# EXHIBIT B

**RESPONSE:** Plaintiff incorporates by reference General Objection No. 6.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce a copy of the policy you allege was breached.

**RESPONSE:** Please see bates numbered document HILL000149-HILL000161.

**REQUEST NO. 2:** Produce all documents or other items which you expect to offer into evidence at the trial of this case.

**RESPONSE:** Plaintiff incorporates by reference General Objection No. 6. Plaintiff has not yet identified all documents or tangible evidence she intends to introduce into evidence at trial. Plaintiff anticipates introducing into evidence at trial all documents produced in discovery by the Plaintiff and the Defendant, and all documents which may be produced in responses to a subpoena in this lawsuit.

**REQUEST NO. 3:** Produce a copy of any photographs, films, recordings or other depictions which relate to the damage from the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 4:** Produce a copy of any other policies of insurance potentially applicable to the plaintiff's claims.

**RESPONSE:** None.

**REQUEST NO. 5:** Produce all reports, surveys, reviews, notes, invoices, communications and any other documents to or from any expert in this case.

**RESPONSE:** Plaintiff incorporates by reference Objection Nos. 5 and 6. Plaintiff has not yet determined who she will call as an expert witness at trial. Plaintiff will supplement this answer as required by the Federal Rules of Civil Procedure and court order.

# EXHIBIT B

**REQUEST NO. 6:** Please produce all non-privileged documents and/or tangible things which reflect, document, prove, describe, and/or depict damage sustained at and/or to the Insured Location as a result of the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 7:** Please produce all non-privileged written statements, documents, correspondence, e-mails, notes, diaries, and/or personal journals that you authored regarding, referring to, and/or discussing your insurance claim with Auto Club for damage caused by the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161. Plaintiff reserves the right to supplement this request.

**REQUEST NO. 8:** Please produce all non-privileged written statements, documents, correspondence, e-mails, notes, diaries, and/or personal journals that you authored regarding, referring to, and/or discussing any dissatisfaction, discontent, and/or disagreement you had with Auto Club on account of its handling of a claim for damage caused by the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 9:** Please produce all invoices, receipts, billing statements, credit card receipts, credit card statements, and/or cancelled checks reflecting payments made for repairs to the Insured Location or for Personal Property on account of damage caused by the August 29, 2021 occurrence.

**RESPONSE:** None.

**REQUEST NO. 10:** Please produce all estimates, bids, and/or proposals received for repairs, restoration, and/or remedial work to the Insured Location on account of damage caused by the August 29, 2021 occurrence, regardless of whether that work was actually completed.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 11:** Please produce all non-privileged documents and/or tangible things which show or purport to show that Auto Club failed to adequately investigate the damage to the Insured Location caused by the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 12:** Please produce all non-privileged documents and/or tangible things which show or purport to show that Auto breached a contract between you and it.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161. Further, Plaintiff would refer Defendant to the Complaint filed in this matter.

**REQUEST NO. 13:** Please produce all non-privileged documents and/or tangible things which show or purport to show that Auto Club's actions violated a duty of good faith and fair dealing.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161. Further, Plaintiff would refer Defendant to the Complaint filed in this matter.

**REQUEST NO. 14:** Please produce all non-privileged documents and/or tangible things which show or purport to show that Auto Club either actually or constructively denied your claim following the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161. Further, Plaintiff would refer Defendant to the Complaint filed in this matter.

**REQUEST NO. 15:** Please produce all non-privileged documents and/or tangible things reflecting the condition of your home, including its interior, which predate the August 29, 2021 occurrence.

**RESPONSE:** None.

**REQUEST NO. 16:** Please produce all applications for insurance for any real property with any insurer for the give (5) years predating the August 29, 2021 occurrence, including, but not limited to, your application for insurance with Auto Club.

**RESPONSE:** None in Plaintiff's possession.

**REQUEST NO. 17:** If you contend that your house was uninhabitable as a result of the August 29, 2021 occurrence, please produce all non-privileged invoices, receipts, billing statements, credit card receipts, credit card statements, and/or cancelled checks reflecting payments made for additional or alternative living expenses.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 18:** Please produce all non-privileged documents evidencing and/or tending to show that any covered damage to the property has not been paid by Auto Club.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 19:** Please produce all non-privileged documents on which you rely for your calculation of damages allegedly sustained by, as a result, and/or in connection with the claim made the basis of this lawsuit.

**RESPONSE:** Plaintiff objects in that this request is overly burdensome and invades the purview of expert opinion and attorney work product. Additionally, the damages sought by the Plaintiff are difficult to calculate and are an issue for the jury and are not amenable to discrete calculation. *Williams v. Trader Pub. Co.*, 218 F .3d 481, 487 (5th Cir. 2000). Plaintiff further objects to this request as a premature contention interrogatory which impermissibly requests the Plaintiff to litigate her case in written discovery. Discovery is in its infancy and is still ongoing. Plaintiff will seasonably supplement this Answer. *See Brassell v. Turner*, 2006 WL 1806465 (S.D. Miss. 2006) (discussing the timing of contention interrogatories). Subject to and without waiving these

objections, please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 20:** Please produce a copy of all other insurance policies issued to you and in effect on August 29, 2021, respectively, covering any part of the Insured Location, including, but not limited to any policy of insurance against loss caused by water damage and/or septic tank systems.

**RESPONSE:** None.

**REQUEST NO. 21:** Please produce a copy of all complaints you made to Auto Club regarding Auto Club's adjustment of the insurance claim arising from damage to your house caused by the August 29, 2021 occurrence before you filed this lawsuit.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 22:** Please produce all documents you submitted to any insurance company other than Auto Club in connection with any claim for damage caused by the August 29, 2021 occurrence.

**RESPONSE:** None.

**REQUEST NO. 23:** Please produce copies of all documents evidencing the amounts that any insurance company or companies other than Auto Club paid on account of property damage to your house as a result of the August 29, 2021 occurrence.

**RESPONSE:** None.

**REQUEST NO. 24:** Please produce all proofs of loss you submitted to Auto Club for damage to the Insured Location caused by the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 25:** Please produce all non-privileged documents including but not limited to reports which show or purport to show the cause or causes of property damage to the Insured Location during or after the passage of the August 29, 2021 occurrence.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 26:** Please produce all audio and/or video recordings of any communication between you and Auto Club or anyone acting on behalf of Auto Club regarding the claims made the basis of this lawsuit.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

**REQUEST NO. 27:** Please produce all non-privileged documents including correspondence sent to, received from, or transmitted between any lien-holder and/or mortgage-holder on the property and you regarding the property damage and/or insurance claim made the basis of this lawsuit. Please identify whether such documents relate to the August 29, 2021 occurrence.

**RESPONSE:** None.

**REQUEST NO. 28:** Please produce any inspection or appraisal report you have requested or requested by any lender regarding refinancing or possible refinancing of your home.

**RESPONSE:** None**.**

**REQUEST NO. 29:** Produce all documents regarding any loan against any recovery in this lawsuit or any amount paid to you in exchange for a future re-payment out of the proceeds of any recovery from this lawsuit. Specifically please provide the following: If your answer is yes, please provide the following:

   a. Loan application;
   b. Loan agreement;
   c. All statements made in conjunction with this loan;

    d.  Any correspondence to or from the lender;

    e.  Any other documents or tangible things that reference said loan.

**RESPONSE:** Plaintiff objects in that the information sought by this request is irrelevant. Without waiver of the aforementioned objection, none.

**REQUEST NO. 30:** Produce all documents identified in your response to interrogatories.

**RESPONSE:** Please see bates numbered documents HILL000001-HILL000161.

    Respectfully submitted this the 31st day of January 2025.

    **Latasha Hill,**
    **Plaintiff**


    */s/ P. Manion Anderson*
    P. MANION ANDERSON, MSB # 104250


P. MANION ANDERSON, MSB #104250
SAMUEL S. McHARD, MSB #100295
McHard, McHard, Anderson & Associates, PLLC
140 Mayfair Road., Suite 1500
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
Em:   manderson@mchardlaw.com
       smchard@mchardlaw.com

# EXHIBIT B

**CERTIFICATE OF SERVICE**

I, P. Manion Anderson, do hereby certify that I forwarded a true and correct copy of the above via e-mail to:

>Priscilla K. Williams
>CHRISTIAN & SMALL LLP
>505 20th Street North, Suite 1800
>Birmingham, Alabama 35203
>Phone: (205) 795-6588
>Facsimile: (205) 328-7234
>Email: PKW@csattorneys.com

THIS the 31st day of January, 2025.

>_/s/ P. Manion Anderson_
>COUNSEL OF RECORD