UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

**Latasha Hill,**
*Plaintiff*

JUL 1 5 2025

BY ARTHUR JOHNSTON DEPUTY

v.

**AUTO CLUB FAMILY INSURANCE COMPANY,**
*Defendant.*

Case No.: 2:24-cv-00107-KS-BWR
Date: July 15, 2025

**MOTION FOR DISQUALIFICATION OF DISTRICT JUDGE KEITH STARRETT UNDER 28 U.S.C. § 144 and 28 U.S.C. § 455**

**Notice to the court:**
**TO THE CHIEF JUDGE OF THIS DISTRICT, ALL PARTIES, AND LEAD ATTORNEY:**

**COMES NOW** Latasha Hill, of sound mind and natural-born free woman of the land created by God, proceeding sui juris and propria persona. I am non-belligerent, non-combatant, non-government employee, non-employee of THE UNITED STATES INC. I reiniterate I did not attend any school of law. I am not well versed in the law nor legal procedures. I am not licensed to practice law. I proceed propria persona evoking my rights under Common Law under the unalienable rights of the Constitution of the united states of America. Let it be known on public record I DO NOT waive any rights, remedies, or defenses; procedural or statutory. I only consent to natural law and not artificial law. I come in good faith and with clean hands. I, Latasha Hill, having full faith and credit guaranteed by the Constitution of the united states of America. I demand judicial neutrality under the Constitution's Due Process Clause. I submit this Motion for Disqualification of District Judge Keith Starrett for Good Cause.

TABLE OF CONTENTS

I. LEGAL GROUNDS FOR DISQUALIFICATION

II. STATEMENT OF MATERIAL FACTS

III. AFFIDAVIT OF PERSONAL KNOWLEDGE

IV. LEGAL ARGUMENT

V. DEMANDED RELIEF

VI. CONCLUSION

***Exhibits enclosed to Memorandum

## I. LEGAL GROUNDS FOR DISQUALIFICATION

### A. Mandatory Recusal Under 28 U.S.C. § 144

1. **Berger v. United States**, 255 U.S. 22 (1921):

   "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."

2. **United States v. Sibla**, 624 F.2d 864 (9th Cir. 1980):

   "Once a proper affidavit is filed under Section 144, the judge must recuse, and the matter must be referred to another judge."

### B. Constitutional Violations Under 28 U.S.C. § 455(a)

1. **Liteky v. United States**, 510 U.S. 540 (1994):

   Disqualification is required when a judge exhibits "such a high degree of favoritism or antagonism as to make fair judgment impossible". Appearance of impropriety.

2. **Caperton v. A.T. Massey Coal Co.,** 556 U.S. 868 (2009):

   Recusal is constitutionally mandated where "the probability of actual bias is too high to be constitutionally tolerable."

3. Fifth Amendment Due Process Clause.

4. Code of Conduct for U.S. Judges Canon 3(C)(1).

## II. FACTUAL BACKGROUND
1. **Ex Parte Communications**
- On May 02, 2025, Magistrate Judge Bradley W. Rath held a teleconference with defense counsel Priscilla Williams and my former attorney Paul Anderson, who abandoned my case. I was unaware of this teleconference until I saw the minute entry on the docket. May 1, 2025 Attorney Anderson filed a motion to voluntarily withdraw. May 2, 2025, I filed notice of Pro Se representation.

2. **Evidence Suppression**
- Judge Starrett ignored wind reports despite NOAA data proving storm damage.
- Willful ignorance of forged insurance policy.

3. **Alleged Judicial Retaliation**
- On May 2, 2025 Attorney Paul Anderson voluntarily withdrew because I refused to accept an unjust unfair settlement offer in which he was getting a excessive 45% contingency fee. Therefore I filed motions which were later stricken from the record. Plaintiff agreed to allow counsels of record to withdraw because plaintiff did not want to be represented by counsel that voluntarily withdrew and did not want to represent plaintiff to the fullest. The Motion to Withdraw was granted May 22, 2025 and plaintiff was unaware that she had to wait until the motion was granted before she filed documents.

- From May 1, 2025 to May 22, 2025, Plaintiff Latasha Hill was unaware that she should not file any documents on her case until the withdrawal was granted. On the following dates: May 2 2025, May 8 2025, May 12 2025, and May 21, 2025 minute entries and text orders were made to the docket and there were never any indications made for me to not file any documents until my attorney's withdrawal was granted. As previously stated in my filing on May 5, 2025(Doc. 35) "I did not attend any school of law. I am not well versed in the law nor legal procedures. I am not licensed to practice law". Four times I could have been instructed to not file but I was not.

    4. **Racial Bias**

- As a multi-racial woman and propria persona litigant, I have been held to higher pleading standards than the corporate defendant.

## III. LEGAL ARGUMENT

### A. Judicial Bias Under 28 U.S.C. § 144

- **United States v. Ritter**, 540 F.2d 459 (10th Cir. 1976):

    "A judge who does not disqualify himself after a proper affidavit has been filed acts without jurisdiction."

### B. Due Process Violations Under 28 U.S.C. § 455(a)

- **Ward v. Village of Monroeville**, 409 U.S. 57 (1972):

    "A fair trial in a fair tribunal is a basic requirement of due process."

## IV. DEMANDED RELIEF

1. Immediate disqualification of Judge Starrett.

2. Mandatory judicial reassignment to a neutral judge outside this district.

3. Sanctions against defense counsel for fraud on the court.

4. Immediate stay of all proceedings until Fifth Circuit Judicial Council submit a docket order.

5. Misconduct investigation

## V. CONCLUSION

This Court must act to preserve the integrity of the judiciary.

I, Latasha Hill, proceeds In Good Faith, Without Dishonor, and Reserves All Rights under UCC 1-308, Without Prejudice.

Respectfully submitted July 15, 2025,

By: *Latasha Hill*
Latasha Hill
Propria Persona
Sui Juris
Without Prejudice
UCC 1-308

### Notary Witness and Acknowledgement

United States of America    }
State of Mississippi    }    s.a.
County of Forrest    }

Today before me, a Commissioned Notary, is the living, flesh and blood, and natural woman known to be Latasha Hill and she did issue this Formal Motion for Disqualification and she also affirmed her testimony as shown before me this __15__ day of __July__ in the year 2025, in Witness whereof I set my Signature and Seal:

Tammy Holmes
Public Notary Printed Name

July 15, 2025
Date

*Tony B*
Public Notary Signature

July 29, 2025
Commission Expire

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 87842 TAMMY HOLMES Commission Expires July 29, 2025 FORREST COUNTY]

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**

**Plaintiff,**

v.

**AUTO CLUB FAMILY INSURANCE COMPANY,**

**Defendant.**

Case No.: 2:24-cv-00107-KS-BWR

Date: July 15, 2025

CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 144, 28 U.S.C. § 455 Motion for Disqualification of District Judge Starrett. This letter serves as formal notice of Plaintiff's Motion for Disqualification of District Judge Starrett for violations and Notice to The Court. I, Latasha Hill, certify that on July 15, 2025, I will serve this Motion To Compel, on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email

Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By: /s/ Latasha Hill
Latasha Hill
Propria Persona
Sui Juris

Latasha Hill
8 Annie Christie Drive
Hattiesburg, Mississippi 39401
Civil Action No. 2:24-cv-107-KS-BWR
601-202-3262