IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**
*Plaintiff,*
v.
**AUTO CLUB FAMILY INSURANCE COMPANY, ET AL.,**
*Defendants.*

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 1 5 2025

ARTHUR JOHNSTON
BY_____ DEPUTY

CASE NO.: 2:24-cv-00107-KS-BWR
July 15, 2025

**PLAINTIFF'S EMERGENCY MOTION FOR RANDOM REASSIGNMENT PURSUANT TO 28 U.S.C. § 137, FED. R. CIV. P. 1, AND LOCAL RULE 83.1**

**TO THE HONORABLE CHIEF JUDGE OF THE SOUTHERN DISTRICT OF MISSISSIPPI:**

COMES NOW, Latasha Hill, propria persona Plaintiff, and respectfully moves this Court for random reassignment of this case to a neutral judge, pursuant to 28 U.S.C. § 137, Federal Rules of Civil Procedure 1 (just, speedy, and inexpensive determination), Local Uniform Civil Rule 83.1 (random case assignment), due to demonstrable judicial bias, financial conflicts, and systemic irregularities that have deprived Plaintiff of due process under the Fifth Amendment.

**I. LEGAL BASIS FOR REASSIGNMENT**

**A. 28 U.S.C. § 137 – Random Assignment Mandate**

Federal law requires:

"All cases filed in a district court shall be assigned by the clerk to judges of the court by random selection."

Violation: This case was not randomly assigned to Judge Starrett. It was removed from state court (Forrest County Circuit Court Case No. 18C11:24-cv-00090) and steered to Starrett, who has:

- Financial ties to insurers/energy companies (Exxon, Chevron stocks).
- Undisclosed GMU judicial "education" trips (Koch-funded seminars).
- Rulings favoring corporate defendants (delaying sealing, blocking discovery).

### B. Federal Rule of Civil Procedure 1 – Justice Over Procedure

Courts must secure the "just, speedy, and inexpensive determination" of cases. Judge Starrett's conduct has caused:

- Unjust delays (e.g., striking Plaintiff's filings without cause).
- Procedural sabotage (ignoring FRCP 5.2(d) privacy protections).

### C. Local Rule 83.1 – Southern District of Mississippi

"Cases are assigned randomly to judges to prevent judge-shopping."

### D. Mississippi Unfair Claims Practices Act (§ 83-5-35)

Insurers cannot "engage in unfair or deceptive acts." Judge Starrett's refusal to compel production of Auto Club's claims manual (Request for Production, 06/12/2025 and the deadline in 14 days. Propria Persona Plaintiff mistakenly listed 30 days) enables bad faith.

## II. JUDICIAL BIAS & CONFLICTS
### A. Financial Conflicts (28 U.S.C. § 455(a))

Judge Starrett's 2023 Financial Disclosure shows:

- Stock in Exxon (XOM), Chevron (CVX), Energy Transfer LP (ET) – companies with financial stakes in insurance litigation.
- GMU "Seminars" funded by Koch, Pfizer, U.S. Chamber of Commerce (NPR Investigation, 05/01/2024).
- Prior PAC donations are a conflict of interest.

**Precedent:**
- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009): Judges must recuse if "a risk of actual bias exists."
- *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016): Financial conflicts = Due Process violation.

### B. Procedural Bias

1. Delayed Sealing of Private Home Photos (violating FRCP 5.2(d)).
2. Struck Plaintiff's Filings Without Cause (Order 51, 05/22/2025).
3. Ignored Evidence of Policy Forgery and altered insurance docs.

## III. SYSTEMIC IRREGULARITIES
### A. Alleged AI-Driven Judicial Manipulation

- Allegedly Plaintiff suspects Auto Club likely uses LexisNexis/Lex Machina to predict rulings.

- Precedent: *State v. Loomis*, 881 N.W.2d 749 (Wis. 2016) (AI bias violates Due Process).

## B. Discovery Abuse

- Key Evidence was blocked: Claims manuals, adjuster notes.
- Violates FRCP 26(b)(1) (scope of discovery).

## IV. RELIEF REQUESTED

1. Immediate random reassignment under the Chief Judge 28 U.S.C. § 137.
2. Investigation into Judge Starrett's GMU disclosures and stock trades.
3. Sanctions against Auto Club for spoliation of evidence (altered policy).
4. Immediate stay of proceedings pending Chief Judge's order or investigation.

I Latasha Hill proceeds In Good Faith, Without Dishonor, and Reserves All Rights under UCC 1-308, Without Prejudice.

### Notary Witness and Acknowledgement

United States of America  }
State of Mississippi  }  s.a.
County of __Forrest__  }

Today before me, a Commissioned Notary, is the living, flesh and blood, and natural woman known to be Latasha Hill and she did issue this Formal Emergency Motion and she also affirmed her testimony as shown before me this __15__ day of __July__ in the year 2025, in Witness whereof I set my Signature and Seal:

__Tammy Holmes__
Public Notary Printed Name

__July 15, 2025__
Date

__Tammy Holmes__ (signature)
Public Notary Signature

__July 29, 2025__
Commission Expire

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 87842 TAMMY HOLMES Commission Expires July 29, 2025 FORREST COUNTY]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: July 15, 2025

CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 137, Fed.R.Civ. P.1., and Local Rule 83.1 plaintiff's emergency motions for random reassignment of this case to a neutral judge. This letter serves as formal notice of Plaintiff's Motion for emergency random reassignment. I, Latasha Hill, certify that on July 15, 2025, I will serve this Motion To Compel, on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email

Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By: __/s/ Latasha Hill_____
Latasha Hill
Propria Persona
Sui Juris

Latasha Hill
8 Annie Christie Drive
Hattiesburg, Mississippi 39401
Civil Action No. 2:24-cv-107-KS-BWR
601-202-3262