UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 15 2025

ARTHUR JOHNSTON
BY _____ DEPUTY

Case No.: 2:24-cv-00107-KS-BWR

Date: July 15, 2025

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISQUALIFICATION UNDER 28 U.S.C. § 144 AND 455

## I. INTRODUCTION

This Memorandum of Points and Authorities supports the Verified Motion for Disqualification of the presiding judge under 28 U.S.C. § 144 and 28 U.S.C.§ 455. The filing of a legally sufficient verified motion accompanied by a supporting affidavit immediately and automatically divests the judge of jurisdiction. Continued involvement constitutes ultra vires action and renders all rulings void ab initio.

## II. LEGAL FRAMEWORK

A. 28 U.S.C. § 144: Disqualification for Bias or Prejudice.

28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him(her) or in favor of any adverse party, such judge shall proceed no further therein-"

## 28 U.S.C. § 455: Disqualification for Appearance of Parliality

28 U.S.C. § 455 supplements § 144 by requiring:

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

This provision enforces both actual and perceived impartiality. Disqualification is required even without actual bias where appearance alone undermines confidence in the judiciary.

## III. CONTROLLING CASE LAW

1. Berger v. United States, 255 U.S. 22, 36 (1921)

   "If (the affidavit) is sufficient, the judge must proceed no further."

2. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980)

   "The factual allegations of the affidavit must be taken as true and the judge must recuse if the affidavit is legally sufficient."

3. In re Goodwin. 194 B.R. 214.221 (9th Cir. 8.A.P. 1996)

   "Section 144 is self-enforcing. Once a sufficient affidavit is filed, the judge has no further jurisdiction.

4. United States v. Rittler, 540 F.2d 459, 464 (10th Cir. 1976)

   "Once a sufficient affidavit is filed, the disqualified judge loses jurisdiction immediately".

5. United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985)

   "The truth of the allegations is not for the court to evaluate."

6. Schroeder v. McDonald. 55 F.3d 454, 460 n.10 (9th Cir. 1995)

   "A motion verified under penalty of perjury pursuant to 28 U.S.C. § 1746 suffices in place of a notarized affidavit."

7. Liteky v. United States. 510 U.S. 540, 551 (1994)

Recusal is required where a judge displays such a high degree of favoritism or antagonism as to make fair judgment impossible.

8. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881-82 (2009)

"Due process requires disqualification in cases where the probability of actual bias on the part of the judge is too high to be constitutionally tolerable."

## IV. LEGAL EFFECT OF DISQUALIFICATION

Upon filing a verified motion and/or affidavit:

Jurisdiction is stripped from the disqualified judge by operation of law.

Any further participation constitutes ultra vires conduct.

All rulings and proceedings thereafter are void ab initio.

## V. CONCLUSION

The statutory mandates of 28 U.S.C. § 144 and 455, reinforced by binding U.S. Supreme Court and Ninth Circuit precedent, leave no room for discretion: once a verified motion-whether or not accompanied by a separate affidavit- is filed asserting judicial bias or prejudice, the presiding judge is immediately divested of jurisdiction by operation of law. Reassignment is not optional-it is compelled. All orders, rulings, and docket activity occurring post-disqualification must be vacated, and this matter must be transferred to a neutral Article III judge without delay to preserve due process and prevent further irreparable harm.

I Latasha Hill proceed In Good Faith, Without Dishonor, Reserves All Rights under UCC 1-308, Without Prejudice.

By: /s/ Latasha Hill
Latasha Hill
Propria Persona
Sui Juris
UCC 1-308
Without Prejudice

Notary Witness and Acknowledgement

United States of America }
State of Mississippi } s.a.
County of Forrest }

Today before me, a Commissioned Notary, is the living, flesh and blood, and natural woman known to be Latasha Hill and she did issue this Formal Memorandum and she also affirmed her testimony as shown before me this 15 day of July in the year 2025, in Witness whereof I set my Signature and Seal:

Tammy Holmes
Public Notary Printed Name

July 15, 2025
Date

/s/ Tammy
Public Notary Signature

July 29, 2025
Commission Expire

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 87842 TAMMY HOLMES Commission Expires July 29, 2025 FORREST COUNTY]

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: July 15, 2025

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 144 and 28 U.S.C 455., plaintiff's memorandum in support of motion for disqualification. This letter serves as formal notice of plaintiff's memorandum in support of motion for disqualification. I, Latasha Hill, certify that on July 15, 2025, I will serve this Motion To Compel, on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email

Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By: /s/ Latasha Hill
Latasha Hill
Propria Persona
Sui Juris

Latasha Hill
8 Annie Christie Drive
Hattiesburg, Mississippi 39401
Civil Action No. 2:24-cv-107-KS-BWR
601-202-3262