UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 15 2025

BY ARTHUR JOHNSTON DEPUTY

**Latasha Hill**, Propria Persona

v.

**AUTO CLUB FAMILY INSURANCE COMPANY**, Defendant

Case No.: 2:24-cv-00107-KS-BWR

## AFFIDAVIT OF PERSONAL KNOWLEDGE

I, Latasha Hill, being duly sworn, depose and state under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and have personal knowledge of the facts herein.

2. On May 02, 2025, Judge Starrett held an ex parte teleconference with defense counsel and my former attorney, Paul Anderson (Dkt. 50). I was not aware of that til I saw the docket entry. Code of Judicial Conduct Canon 3(B)(7) violation.

3. Judge Starrett ignored CoreLogic's fraudulent wind report (Dkt. 28-1), which omitted Hurricane Ida data.

4. Judge Starrett systematic striking of my critical filings.

5. Judge Starrett ignores defense counsel's fraud on the court.

6. I am subjected to disparate treatment as a multi-racial propria persona litigant.

7. I am subjected to alleged patterns of:

    a) Evidence suppression

    b) Retaliatory rulings

    c) Judicial collusion

8. I am subjected to due process violations.

Page 1 of 5

9. He denied my Motion to Strike (Doc. 82) and Motion for Judicial Notice (Doc. 80), while granting Auto Club's Motion for Summary Judgment (Doc. 27 from April 15, 2025).

10. 28 U.S.C. § 455

11. Judge Starrett's PAC ties and Smith precent also suggest bias. Some actions of Judge Starrett mirror the case of Smith v. State Farm in which Judge Starrett presided over and he suppressed evidence of insurer misconduct.

12. Caperton v. A.T. Massey (2009)

13. 28 U.S.C. § 455(a) Violation: Starrett's repeated favoritism toward insurers (PAC donations + Smith precedent) creates a reasonable appearance of partiality.

14. Doc. 75 (Second Amended Complaint), Exposes Auto Club's fraudulent alteration of my insurance policy (Ex. O/O1) and fabricated wind reports (Ex. E, J). Judge Starrett ignored this in his summary judgment ruling (willful blindness to insurer fraud).

15. Intentionally delaying orders/rulings:
04/15/2025 My former Attorney Anderson and Defense counsel filed motions and a order was docketed 04/17/2025. 04/29/2025 Attorney Anderson filed a motion and a order was docketed 04/30/2025. I filed a motion on 05/05/2025 and it was stricken 05/22/2025. I filed a motion on 05/07/2025 and it was stricken 05/22/2025. I filed a motion 05/14/2025 and it was stricken 05/22/2025. I filed a motion on 05/16/2025 and it was stricken 05/22/2025.

16. On May 21, 2025 during the telephonic conference I was relieved of duties regarding the partial summary judgment motion filed by attorney Anderson on April 15, 2025. The same day Attorney Williams filed a motion for summary judgment. I was unaware that the call was not being recorded where it could be transcribed. Furthermore, my extension

of time was regarding Doc., 27(dated April 15, 2025) the motion for summary judgment that attorney Williams filed (see referencing on Doc., 41 dated May 9, 2025). I never filed a motion regarding Doc., 25(Dated April 15, 2025/filed by attorney Anderson) because I was relieved of it during the May 21, 2025 telephonic conference and I stand by that statement. I have enclosed the email (dated May 2, 2025)[the day after attorney Anderson voluntarily withdrew from my case] from my former attorney Anderson. He reminded me about docs., 25(partial summary judgment by him) AND 27(motion for summary judgment by attorney Williams). Up until June 30, 2025 I have responded to everything docketed regarding my case EXCEPT the partial summary judgment because I was relieved of that on the May 21, 2025 teleconference call. Since the call involved case-critical discussions, the lack of a record deprives me of my rights because I have no way to challenge what was said to me regarding the partial judgment. Evidence Suppressed: Court ignored fraud proof (altered policies, fake reports). Due Process Violated: No recording, no transcript, no fair consideration.

17. Willful ignorance of policy fraud.

18. 28 U.S.C. § 455(b)(4): Financial ties to insurer-dependent industries. *Caperton v. A.T. Massey* (2009) (judge must recuse if donor's case has "disproportionate influence".

19. Fraudulent Removal & Initial Bias (Doc. 1 – July 19, 2024)

    Violation: Defendant Auto Club removed the case without attaching the full state court record (Page 1).

    - FRCP 81(c)(1): Requires complete state court filings.
    - L.U.Civ.R. 5(b): Mandates filing within 14 days.

    Judge Starrett's Complicity: Ignored this defect, enabling defense gamesmanship.

20. Discovery Suppression (Docs. 8, 11 – Aug. 2024)

   Violation: Defendant withheld the Claims Manual (key to proving bad faith under Miss. Code Ann. § 83-5-35).

   - FRCP 26(e): Duty to supplement discovery.
   - NAIC Model Rule 4-7: Requires insurers to disclose claims guidelines.
   - Judge's Role: Never sanctioned defense counsel (Priscilla Williams) for this fraud on the court.

21. Uneven Deadline Enforcement (Docs. 30, 41, 77 – Apr.-July 2025)

   - Defendant's 87-Day Late Filing (Doc. 77):
   - L.U.Civ.R. 7(b)(3): Responses due in 14 days (max 21 with extension).
   - Judge's Bias: Denied my Motion to Strike (Doc. 79) as "moot" (Page 1 of Doc. 82).
   - Plaintiff's Filings: Threatened sanctions for "vexatious filings" (Doc. 82, Page 3) while ignoring defense misconduct.
   - Violation: Fifth Amendment Equal Protection.

22. Retaliatory Sanctions Threat (Doc. 82 – July 9, 2025)

   - Judicial Canon 1: Judges must avoid "appearance of impropriety."
   - Evidence of Bias:
     - Granted Defendant's untimely filings (Doc. 77).
     - Denied my valid motions (Docs. 79, 80).

I Latasha Hill proceeds In Good Faith, Without Dishonor, and Reserves All Rights under UCC 1-308, Without Prejudice.

FURTHER AFFIANT SAYETH NAUGHT.

Autographed this 15th of July 2025

By: /s/ Latasha Hill<br>
Latasha Hill<br>
Propria Persona<br>
Sui Juris<br>
Without Prejudice<br>
UCC 1-308

CC'd: Fifth Circuit Judicial Council

## Notary Witness and Acknowledgement

United States of America  }
State of Mississippi       }   s.a.
County of Forrest          }

Today before me, a Commissioned Notary, is the living, flesh and blood, and natural woman known to be Latasha Hill and she did issue this Formal Affidavit and she also affirmed her testimony as shown before me this __15__ day of __July__ in the year 2025, in Witness whereof I set my Signature and Seal:

__Tammy Holmes__
Public Notary Printed Name

__Tammy__
Public Notary Signature

__July 15, 2025__
Date

__July 29, 2025__
Commission Expire

[Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 87842 TAMMY HOLMES Commission Expires July 29, 2025 FORREST COUNTY]

Latasha Hill<br>
8 Annie Christie Drive<br>
Hattiesburg, MS 39401<br>
latashahill30047@yahoo.com<br>
601-202-3262<br>
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: July 15, 2025

CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, affidavit of personal knowledge. This letter serves as formal notice of plaintiff's affidavit of personal knowledge. I, Latasha Hill, certify that on July 15, 2025, I will serve this Motion To Compel, on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email

Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:  /s/ Latasha Hill
Latasha Hill
Propria Persona
Sui Juris

Latasha Hill
8 Annie Christie Drive
Hattiesburg, Mississippi 39401
Civil Action No. 2:24-cv-107-KS-BWR
601-202-3262