UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**
Plaintiff

v.

**AUTO CLUB FAMILY INSURANCE COMPANY,**
Defendant

Case No.: 2:24-cv-00107-KS-BWR
Date: July 28, 2025

## PLAINTIFF'S FORMAL REBUTTAL TO ORDER [Doc. 90] DENYING DISQUALIFICATION AND REASSERTION OF DEMAND FOR NEUTRAL ADJUDICATION

COMES NOW the Plaintiff, Latasha Shaniece Hill, a Private American Woman, appearing in propria persona and without waiver of rights, hereby entering into the record this Formal Rebuttal to the Court's July 24, 2025, Order [Doc. 90] denying Plaintiff's Motion for Disqualification [Doc. 84] and Emergency Motion for Random Reassignment [Doc. 85].

This rebuttal is grounded in law, logic, judicial ethics, and constitutional due process.

## I. THE COURT MISSTATES THE BASIS OF PLAINTIFF'S MOTION

Judge Starrett falsely frames Plaintiff's Motion [Doc. 84] as being solely based on "adverse rulings." That is demonstrably inaccurate. Plaintiff's Memorandum [Doc. 86] and Sworn Affidavit [Doc. 87] cited the following non-ruling-based conflicts:

- Multiple public and political donations to judicial events tied to the Defendant's insurer class

- Failure to disclose prior relationships or entanglements creating an appearance of impropriety
- Disregard for procedural rights, evidenced by pattern obstruction of filings and mischaracterization of Plaintiff's pleadings

These are not mere disagreements with judicial reasoning. They implicate Canon 2 ("avoid impropriety and appearance thereof") and Canon 3(C) (mandatory disqualification where impartiality might be reasonably questioned).

## II. COURT'S RELIANCE ON BRYANT & LITEKY IS MISPLACED AND FACTUALLY INAPPOSITE

The Court's reliance on *Bryant v. Orndorff*, 196 F. App'x 308 (5th Cir. 2006) and *Liteky v. United States*, 510 U.S. 540 (1994) is flawed:

- In *Bryant*, the motion failed solely because it cited rulings as bias. Plaintiff here cites undisclosed relationships, campaign finance links, fiduciary entanglements, and refusal to recuse despite evidence, which *Liteky* specifically noted could warrant disqualification when extrajudicial.
- *Liteky* at 551: "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings" **may support disqualification if they display deep-seated favoritism or antagonism."

Judge Starrett's repeated disregard for Plaintiff's filings, legal evidence, and procedural rights establishes such deep-seated antagonism.

## III. FAILURE TO DISCLOSE CAMPAIGN DONATIONS AND FIDUCIARY OVERLAPS VIOLATES 28 U.S.C. § 455(b)(4)

Plaintiff has uncovered evidence of prior PAC donations linked to the insurance sector, potentially traceable to Defendant-related groups. Under 28 U.S.C. § 455(b)(4), a judge must disqualify themselves if "he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding."

Refusal to disclose or acknowledge this creates not only ethical violation but grounds for vacatur under *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

## IV. CONFLICTING FINANCIAL INTERESTS AND CUSIP-BACKED COURT DOCKETS CREATE A COLORABLE BASIS FOR COMMERCIAL BIAS

Plaintiff has attached exhibits proving conflict of interest. Plaintiff is also in the process of initiating a CUSIP trace of the docket (2:24-cv-00107-KS-BWR) and intends to present evidence that this case allegedly has been monetized and securitized, thus creating a fiduciary conflict of interest for a presiding judge who oversees such financial instruments and clearinghouse procedures.

## V. DEMAND FOR REFERRAL TO THE FIFTH CIRCUIT JUDICIAL COUNCIL

Plaintiff hereby renews her demand that this matter be:

1. Stayed pending higher review (see Motion to Stay Proceedings)
2. Randomly reassigned to an Article III judge with no financial, political, or social interest in the outcome
3. Referred to the Fifth Circuit Judicial Council for ethics review under 28 U.S.C. § 351

## PRAYER FOR RELIEF

Plaintiff respectfully requests:

- Immediate reconsideration of denial order [Doc. 89]
- Referral to an impartial judge
- Public docket disclosure of any financial instruments tied to this case
- Permission to submit additional evidence under seal regarding PAC donations and fiduciary conflicts

I declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America, acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that I, Latasha Hill execute this document in accordance with my best knowledge and understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice.

By: _Latasha Hill_
Latasha Hill
Propria Persona
Sui Juris
Without Prejudice
UCC 1-308

## Notary Witness and Acknowledgement

United States of America }
State of Mississippi } s.a.
County of Forrest }

Today before me, a Commissioned Notary, is the living, flesh and blood, and natural woman known to be Latasha Hill and she did issue this Formal Rebuttal Denying Disqualification and she also affirmed her testimony as shown before me this __28__ day of __July__ in the year 2025, in Witness whereof I set my Signature and Seal:

D'Angela Holmes
Public Notary Printed Name

July 28, 2025
Date

D'Angela Holmes
Public Notary Signature

August 4, 2025
Commission Expire

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 292216 D'ANGELA HOLMES Commission Expires Aug. 4, 2025 FORREST COUNTY]

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: July 28, 2025

CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on July 28, 2025, I served this Formal Rebuttal to Order for Doc. 90 Denying Motion for Disqualification and Denying Motion to reassign case to the Clerk via Hand Delivery.

Method of service: [X] Hand Delivery to Clerk
U.S. District Court
Southern District of Mississippi (Eastern Division)
William M. Colmer Federal Building & United States Courthouse
701 North main Street, Suite 200
Hattiesburg, Mississippi 39401
601-255-6400

By: /s/Latasha Hill
Latasha Hill
Propria Persona
Sui Juris

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR