UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 28 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

**Latasha Hill,**
Plaintiff

v.

**AUTO CLUB FAMILY INSURANCE COMPANY,**
Defendant

**Case No.: 2:24-cv-00107-KS-BWR**
**Date: July 28, 2025**

## MEMORANDUM TO MOTION TO VACATE ORDERS AND FOR DISQUALIFICATION PURSUANT TO LILJEBERG v. HEALTH SERVICES ACQUISITION CORP., 486 U.S. 847 (1988)

**Introduction:** Plaintiff Latasha Hill appears in propria persona, sui juris, under the court's equitable jurisdiction to remedy Auto Club's unconscionable conduct. Plaintiff, a private natural woman, invokes this court's equitable powers under FRCP Rule 2 and the Maxim: Equity will not suffer a wrong without a remedy". Plaintiff Latasha Hill Reserves All Rights under common law and the U.S. Constitution, Article III, Section 2.

COMES NOW, Latasha Hill, a Private American Woman appearing in propria persona, sui juris and respectfully submits this supplemental motion to vacate all orders and rulings entered by the Honorable Judge Keith Starrett in this matter and to formally renew her demand for immediate judicial disqualification, based on violations of:

- 28 U.S.C. §§ 144 and 455-Financial Conflicts
- Canon 2 and Canon 3(C)(1) of the Code of Conduct for United States Judges
- Fifth Circuit Judicial Ethics Protocols

- Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)
- Federal Rules of Civil Procedure 60(b)(3)(6) & (d)(3)
- Local Uniform Civil Rules, S.D. Miss. 83.1, 83.4
- Canon 1 – Upholding Integrity and Independence of Judiciary
- Canon 3B(5) – Performing Duties Fairly, Without Bias or Prejudice
- 28 U.S.C. § 351(a) – Authority to File Complaint for Misconduct
- 28 U.S. Code § 2403(b)
- 18 U.S.C. § 242 -Deprivation of Rights Under Color of Law
- 18 U.S.C § 1346-Honest Services Fraud
- 42 U.S.C. § 1983- My stricken filings violate my due process
- Dennis v. Sparks, 449 U.S. 24 (1980)-constructive fraud by omission
- FRCP 12(b)(6)-Allowing corporate defendant to evade discovery
- FRCP 37

## I. PROCEDURAL HISTORY AND STANDING

1. Plaintiff previously filed a verified Motion for Disqualification pursuant to 28 U.S.C. §§ 144 and 455, supported by affidavit and detailing extensive evidence of bias, partiality, and irregular judicial conduct.

2. The Honorable Judge Keith Starrett denied said motion without a hearing, despite credible allegations that would lead a reasonable person to question his impartiality.

3. Plaintiff brings this motion under her right to a neutral and detached tribunal, guaranteed under the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and as well as statutory rights under 28 U.S.C. § 1915

4. The lack of judicial explanation or articulation of factual and legal reasoning violates both procedural fairness and established precedent, including Anderson v. Bessemer City, 470 U.S. 564 (1985).

5. To preserve Plaintiff's right to meaningful appeal, the record must reflect judicial reasoning, especially where a pro se/propria persona party has asserted constitutional objections.

6. The docket reveals disparate treatment toward me as a multi-racial propria persona litigant. While defense filings were expedited and granted without hearing, mine were delayed, struck, or ignored without explanation. These inconsistencies signal systemic racial and economic bias, compounded by Mississippi's well-documented judicial discrimination against minorities and pro se/propria persona plaintiffs.

7. Magistrate Judge Bradley W. Rath issued generic denials without analysis and facilitated procedural suppression of filings. His conduct appears coordinated to maintain judicial cover and insulate Judge Starrett from accountability, an abuse of the magistrate gatekeeping role under 28 U.S.C. § 636(b)(1)(A).

8. I have been repeatedly subjected to fraud, oppression, suppression, and willful misconduct.

9. In *Davis v. Farm Bureau* (2021), Judge Starrett recused himself due to farmland investments and I demand recusal here.

## II. GOVERNING LAW: LILJEBERG v. HEALTH SERVICES ACQUISITION CORP.

In Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), the U.S. Supreme Court vacated a federal judgment when it was later discovered that the presiding judge had a conflict of interest, even though the judge claimed subjective lack of knowledge at the time.

Holding: "The appearance of impropriety is sufficient to vacate judgment; the integrity of the judiciary must be preserved, even absent actual bias."

This decision clarified that:

- Recusal under § 455(a) is not discretionary when the circumstances give an objective appearance of conflict.
- A party does not need to prove actual bias, only that a reasonable person might doubt the judge's impartiality.
- Judicial rulings issued while such conflict exists are voidable and subject to vacatur.

### III. JUDICIAL MISCONDUCT AND APPEARANCE OF IMPARTIALITY

Plaintiff respectfully alleges that Judge Starrett has engaged in:

1. Procedural irregularities, including prejudicial scheduling orders, strategic denials of motions, and selective docket management, raising doubt about judicial neutrality.
2. A pattern of favoritism toward defense counsel and corporate defendants in direct violation of Canon 3(C)(1)(a) and (d).
3. Undisclosed potential financial entanglements and affiliations with the insurance industry, constituting a violation of Canon 2A (promoting public confidence) and Canon 2B (avoiding impropriety).
4. Failure to self-disqualify or refer the matter to the Chief Judge or Judicial Council under Fifth Circuit Protocol.

### IV. LEGAL GROUNDS TO VACATE ORDERS UNDER FRCP 60(b)

Under Federal Rule of Civil Procedure 60(b)(6), relief from a final judgment is appropriate where there are "extraordinary circumstances."

In this case, the combination of potential bias, procedural irregularities, and systemic appearance of partiality warrants vacatur.

Supporting Precedents:

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009): "Due process requires recusal where the probability of actual bias is too high to be constitutionally tolerable."

- *United States v. Jordan*, 49 F.3d 152 (5th Cir. 1995): Appellate courts have authority to nullify all rulings made under disqualified authority.

- *Pruett v. State*, 574 So. 2d 1342 (Miss. 1990): Appearance of bias is grounds for mandatory recusal.

Additional Precedents:
*Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980)
*Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974)
*Pulliam v. Allen*, 466 U.S. 522 (1984)
*Bell*, 344 F.3d 994 (5th Cir. 2003)
*Kensington Int'l Ltd.*, 353 F.3d 211 (3d Cir. 2003)

Smith v. State Farm ruling by Judge Starrett CIVIL ACTION NO. 2:13cv35-KS-MTP (Judge Starrett blocked evidence of claims handling despite relevance to damages, denied plaintiff's requests to exclude prior lawsuits creating bias against the insured. He denied my Motion to Disqualify despite evidence of policy alteration and NOAA wind data contradicting Auto Club's "no wind damage" claim). It is my sincere belief that Judge Starrett has financial incentive to rule for insurers due to corporate/insurance interests, PAC donations, stocks in insurance and energy sectors, insurance lobby groups, and Auto Club's lobby group. Judge Starrett is ignoring and or suppressing critical evidence. I am awaiting additional requested documents).

Under Public Law 97-280 (1982) and the Judiciary Act, all judges take oath to defend the Constitution, not insurance companies.

## V. REQUEST FOR REFERRAL TO JUDICIAL COUNCIL

Plaintiff respectfully requests that this matter be immediately referred to:

- Chief Judge of the Southern District of Mississippi

- Chief Judge of the Fifth Circuit Court of Appeals

- Judicial Council for the U.S. Fifth Circuit

Such referral is warranted under 28 U.S.C. § 351, which allows formal complaints of judicial misconduct for:

- Conflict of interest
- Bias or prejudice
- Conduct that undermines the integrity of the judiciary

    I demand a formal investigation by the Judicial Council of the Fifth Circuit under 28 U.S.C. § 352–354. I demand reassignment of my case to an impartial Article III judge outside the Southern District of Mississippi. I demand referral to the Judicial Conference of the United States for pattern investigation of systemic bias in Mississippi federal courts. I demand preservation of this complaint in the judicial personnel file of Judges Starrett and Rath, for possible impeachment recommendation under 28 U.S.C. § 354(b) if misconduct is substantiated.

- DOJ investigation under 18 U.S.C. § 1346 (honest services fraud) for failure to disclose conflicts.
- Judicial Conference referral to review lifetime appointments of senior judges with opaque financial networks.

    Attached: Annotated excerpts from Starrett's 2023 disclosure, highlighting violations of 5 U.S.C. app. § 13104(a)(2) (knowing omission of reportable assets).

    This is not a partisan issue, it's a threat to the rule of law.

    **VI. Notice of Conditional Judicial Immunity Rebuttal**

    Judicial immunity, while broadly construed, is not absolute. A judge forfeits such protection when:

    (a) operating in a commercial fiduciary capacity under court-bonded securities,

    (b) failing to disclose conflicts of interest under Canons 2 and 3, and

    (c) engaging in conduct that obstructs constitutional rights under color of law, as outlined in Rankin v. Howard, Gregory v. Thompson, and Pulliam v. Allen.

By this notice, Plaintiff places this Court on record that judicial immunity is conditionally rebutted in this matter, and may not serve as a shield against investigation, vacatur, injunctive relief, or appellate remand under Liljeberg v. Health Services, 486 U.S. 847 (1988).

## VII. PRAYER FOR RELIEF

Plaintiff respectfully demands:

1. That all rulings, denials, or orders issued by Judge Starrett be VACATED pursuant to Liljeberg and FRCP 60(b);
2. That this Court grant Plaintiff's renewed demand for judicial disqualification under 28 U.S.C. § 455(a);
3. That the Clerk of Court transmit this motion and supporting materials to the appropriate Fifth Circuit Judicial Council under § 351;
4. That all proceedings be stayed pending reassignment and appellate review;
5. And for such other relief deemed just and proper.
6. Restoration of all of Plaintiff's stricken filings
7. Punitive damages
8. Investigation under Judicial Conduct and Disability Act.
9. I am requesting an investigation under 28 U.S.C. § 592 (Independent Counsel Act) for judicial misconduct and AI fraud

WHEREFORE, Plaintiff respectfully requests this Court enter a full and detailed explanation of the factual findings and legal conclusions supporting its prior rulings in this matter, and to do so on the record to ensure appellate and public accountability.

## VIII. RESERVATION OF RIGHTS

Plaintiff reserves the right to seek:

- Interlocutory appeal of judicial bias and misconduct under the collateral order doctrine;

- Mandamus relief under 28 U.S.C. § 1651(a);

- Referral to the Judicial Conference of the United States for patterns of discrimination and unlawful suppression;

- Constitutional challenge to systemic denial of pro se/propria persona litigants' rights.

## IX. FRAUD ON THE COURT (FRCP 60(b)(3))

- Auto Club's forged policies and falsified damage reports (Doc. 72) constitute fraud. Judge Starrett's complicity demands vacatur.

i declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America , acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that i, Latasha Hill execute this document in accordance with my best knowledge and understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice. I reiterate this Plaintiff Latasha Hill proceeds in Good Faith, Without Dishonor, and All Rights Reserved under UCC 1-308, Without Prejudice.

CC'd: Fifth Circuit

Defense counsel is: **Presumed OPPOSED** to this motion.

By: *Latasha Hill*
Latasha Hill
Propria Persona
Sui Juris
Without Prejudice
UCC 1-308

**EXHIBITS:**
- Starrett's denial of disqualification
- Timeline of adverse procedural rulings
- Affidavit of facts in support of conflict and due process deprivation

### Notary Witness and Acknowledgement

United States of America    }
State of Mississippi        }    s.a.
County of **Forrest**       }

Today before me, a Commissioned Notary, is the living, flesh and blood, and natural woman known to be Latasha Hill and she did issue this Formal Memorandum to Motion to Vacate Orders and for Disqualification and she also affirmed her testimony as shown before me this **28** day of **July** in the year 2025, in Witness whereof I set my Signature and Seal:

**D'Angela Holmes**
Public Notary Printed Name

**July 28, 2025**
Date

*Public Notary Signature*

**August 4, 2025**
Commission Expire



Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: July 28, 2025

## CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on July 28, 2025, I will serve this Plaintiff's Memorandum to Motion to vacate Orders and for Disqualification and Affidavit on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:  /s/Latasha Hill
Latasha Hill
Propria Persona
Sui Juris