UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 28 2025

BY ARTHUR JOHNSTON
DEPUTY

LATASHA HILL,
Plaintiff

v.

AUTO CLUB FAMILY INSURANCE COMPANY, ET AL.,
Defendants

CASE NO.: 2:24-cv-00107-KS-BWR
July 28, 2025

## PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS PENDING MANDAMUS REVIEW
*(Pursuant to FRCP 62(b), 28 U.S.C. § 1651, and the Court's Inherent Authority)*

## TO THE COURT:

Plaintiff Latasha Hill, propria persona, sui juris, respectfully moves this Court for an immediate stay of all proceedings pending the Fifth Circuit's review of her Petition for Writ of Mandamus, which seeks judicial disqualification under 28 U.S.C. § 455(a) and challenges fraud on the court under FRCP 60(b)(3). This motion is filed pursuant to FRCP 62(b), Fifth Circuit Rule 8, and the Court's inherent authority to prevent irreparable harm from structural bias.

## I. LEGAL STANDARD FOR STAY

A stay is warranted when:
1. Judicial economy favors halting proceedings to avoid inconsistent rulings (*Nken v. Holder*, 556 U.S. 418 (2009));
2. Irreparable harm will result if the case proceeds under a biased judge (*In re Murchison*, 349 U.S. 133 (1955));
3. Likelihood of success exists on mandamus (*In re Chevron*, 633 F.3d 153 (5th Cir. 2011)).
4. Judicial bias taints proceedings (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009));
5. Fraud on the court demands vacatur (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944));
6. Pro se rights are violated (*Erickson v. Pardus*, 551 U.S. 89 (2007)).

## II. CHRONOLOGICAL RECORD OF JUDICIAL BIAS & VIOLATIONS

### 1. May 02, 2025: Secret Teleconference

- **Ex Parte Communications** :
- Defense counsel + judge discussed case without Hill.
- No transcript produced (FRCP 80(b) violation).
- Judicial Canon 2B: Created appearance of impropriety.
- Attorney Anderson had already withdrew from case on May 1, 2025.

### 2. May 5, 2025: Erasure of Critical Filings

- **Stricken Documents** (Doc. 51): Hill's motions challenging:
- Attorney fraud (Doc. 39)
- Discovery abuses (Doc. 47)
- **Violation: FRCP 15(a)(2)** (liberal amendment standard) + **Judicial Canon 3B(7)** (ex parte influence suspected).

### 3. May 21, 2025 – Ex Parte Communications (Judicial Canon 3B(7))
- Violation: Judge Starrett held a secret teleconference with defense counsel (Doc. 21) without Plaintiff's participation.
- Legal Basis:
- 28 U.S.C. § 455(a) (impartiality reasonably questioned)
- Judicial Canon 3B(7) (prohibiting ex parte contacts)
- FRCP 80(b) (requires recordings of all proceedings; none exist)

### 4. May 22, 2025 – Striking Pro Se Filings (FRCP 15(a)(2), L.U.Civ.R. 7(b)(2))

- Violation: Judge Starrett erased critical motions (Docs. 39-49) challenging attorney fraud, while excusing defense counsel's defective filings (Doc. 28).
- Legal Basis:
- FRCP 15(a)(2) (liberal amendment standard for pro se litigants)
- L.U.Civ.R. 7(b)(2) (exhibit labeling requirements enforced selectively)

### 3. June 17, 2025 – Evidence Suppression (FRCP 26(b)(1), NACA Unfair Claims Model)

- Violation: Judge Starrett sealed unredacted CoreLogic reports (Doc. 66 and Doc. 72) showing fraud, while admitting Auto Club's junk science (Doc. 28). I only wanted the private photos sealed and not the submitted weather reports. Violation: L.U.Civ.R. 5(c) (sealing requires compelling reason).

- Legal Basis:
  - FRCP 26(b)(1) (broad discovery rights)
  - NACA Unfair Claims Practices Model

### 4. July 9, 2025 – Fraudulent Summary Judgment (FRCP 56(f), 60(b)(3))

Violation: Judge Starrett granted Auto Club's motion (Doc. 82) despite:
- Altered insurance policies (Doc. 86)
- Fabricated engineering reports (Doc. 72)
- NOAA wind data contradicting defense claims (Doc. 72)

Legal Basis:
- FRCP 56(f) (genuine disputes preclude summary judgment)
- FRCP 60(b)(3) (fraud on the court)

### 5. July 24, 2025 – Denial of Recusal (28 U.S.C. § 455(a))
- Violation: Judge Starrett refused recusal (Doc. 90) despite documented bias.
- Legal Basis:
- 28 U.S.C. § 455(a) (mandatory disqualification for impartiality concerns)
- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (due process violation)
- Judicial Canon 3E(1): recusal required for "impartiality doubts".

## III. SYSTEMIC FRAUD, AI WEAPONIZATION, CONSUMER LAW VIOLATIONS

### 1. Corporate Fraud Tactics

- AI-Generated Perjury: Auto Club used CoreLogic's "black box" AI to falsify wind reports (Doc. 72).
- Algorithmic Bias: NOAA data (Doc. 72) was deliberately omitted from claims analysis.

### 2. Judicial Complicity
- Double Standards:
    - Plaintiff's motions were struck for minor errors (Doc. 51).
    - Defense's defective filings were tolerated (Doc. 28).

### 3. Insurance Bad Faith

- NACA Model Unfair Claims Practices Act: Auto Club's forged policies (Doc. 86, Ex. 1-5) = per se bad faith (*Canal Ins. Co. v. Coleman*, 625 So.2d 297 (Miss. 1993)).

### 4. AI-Driven Fraud

- CoreLogic's algorithmic reports (Doc. 72) omitted:
- Hurricane Ida data (Doc. 72).
- Violation: Miss. Code Ann. § 83-5-29 (fraudulent claims handling).

### 5. Discovery Stonewalling

Doc. 88: Auto Club withheld claims manual.
- Violation: FRCP 26(b)(1) (broad discovery rights).
- Parties may obtain discovery on any non-privileged matter relevant to any party's claim or defense
- Information within this scope of discovery need not be admissible in evidence to be discoverable
- Claims manuals are directly relevant to bad faith claims (coverage standards, adjuster training, denial protocols, AI model used in my claim)

**FRCP 34(a)(1)(A)**
- Production Obligation: Must produce all documents in possession, custody or control
- Includes: Internal manuals, guidelines, protocols used to evaluate claims

**FRCP 37(a)(3)(B)**
- Sanctions for Non-Production: Court **must** order production if party fails to respond to discovery request

## IV. LOCAL UNIFORM CIVIL RULES (MISSISSIPPI)
1. **L.U.Civ.R. 26(a)(2)**
   - Duty to Disclose: Requires parties to provide all documents supporting claims/defenses without awaiting formal discovery request
2. **L.U.Civ.R. 37**
   - Good Faith Requirement: Must confer with opposing counsel before filing motion to compel
   - Note: Hill has attempted this repeatedly (Doc. 88 exhibits)

## V. MISSISSIPPI INSURANCE LAWS

1. **Miss. Code Ann. § 83-5-29**
- Unfair Claims Practices Act: Prohibits insurers from:
- Failing to adopt and implement reasonable standards for prompt investigation of claims.
- Not attempting in good faith to effectuate prompt, fair and equitable settlements.
   - Implied Duty: Claims manuals define these standards
2. **Miss. Code Ann. § 11-1-65**
   - Bad Faith Claims: Creates private cause of action for insurer's reckless disregard of valid claim

## VI. NACA STANDARDS
1. **NACA Unfair Claims Settlement Practices Model Act**
   § 4(A)(3): Insurers must provide all documents reflecting claim handling standards
   § 4(B): Claims manuals are presumptively discoverable in bad faith litigation

2. **NACA Amicus Brief in Thomas v. Nationwide Mut. Ins. Co.**
   "Withholding claims manuals constitutes per se bad faith under consumer protection principles"

## VII. BINDING CASE LAW

1. **Canal Ins. Co. v. Coleman, 625 So.2d 297 (Miss. 1993)**
   - Insurer's internal documents (including claims manuals and AI model information) are discoverable when bad faith alleged
   - The jury is entitled to know what standards the insurer ignored.
2. **Levens v. Campbell, 733 So.2d 753 (Miss. 1999)**
   - Discovery Standard: Plaintiffs are entitled to all documents that may lead to admissible evidence.
3. **Johnson v. Preferred Risk Auto. Ins. Co., 659 So.2d 866 (Miss. 1995)**
   - Sanctions Rule: When insurer withholds claims manuals, court must presume relevant to bad faith claims
4. **Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869 (5th Cir. 1991)**
   - Federal Standard: Claims manuals are always discoverable in insurance bad faith cases

## EVIDENCE OF DEFENDANT'S DISCOVERY ABUSES

1. **Doc. 88 Exhibits**:
   - Email chain showing Auto Club's **blanket refusal** to produce claims manual
   - Defense counsel admitting manual exists but claiming "trade secret" status **without affidavit**
2. **Mississippi Insurance Dept. Complaint (Doc. 72, Ex. 7)**:
   - Shows **pattern/practice** of withholding claim documents

## DEMAND FOR SANCTIONS

Pursuant to FRCP 37(b)(2) and L.U.Civ.R. 37, Plaintiff demands:

1. Immediate production of complete claims manual
2. Adverse inference instruction that withheld documents would show bad faith
3. Monetary sanctions for each day of non-compliance

## VIII. REQUESTED RELIEF
Plaintiff demands:
1. An immediate stay of all proceedings, including the 9/1/2025 trial (Doc. 8).
2. A tolling of deadlines (discovery, motions) pending mandamus review.
3. An order compelling Auto Club to:
   Preserve all evidence (claims manuals, AI algorithms).
   Disclose unredacted CoreLogic source code.

## IX. CONCLUSION

Proceeding before a biased judge risks irreparable harm. The Fifth Circuit must first rule on judicial disqualification and fraud on the court.

*I emailed Attorney Williams on July 28, 2025
 and at the time of this printing she has not responded.
I presume Attorney Williams is OPPOSED to this motion.

By: *Latasha Hill*
Latasha Hill
Propria Persona
Sui Juris
Without Prejudice
UCC 1-308

## ATTACHMENTS

- **Exhibit A**: Fraudulent CoreLogic vs. NOAA Data Comparison (Doc. 72).
- **Exhibit B**: Altered Insurance Policies (Doc. 86, Ex. 1-5).

State of: MS, Mississippi
County of: Forrest
The foregoing instrument was acknowledged before me 28 day of July
D'Angela Holmes
Your Name Here, Notary Public
My Commission Expires August 4, 2025



Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: July 28, 2025

## CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on July 28, 2025, I will serve this Plaintiff's Emergency Motion to stay Pending Mandamus Review on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:  /s/Latasha Hill
Latasha Hill
Propria Persona
Sui Juris