# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| LATASHA HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 2:24-cv-107-KS-BWR |
| vs. | ) |
| | ) Removed from Circuit Court of |
| AUTO CLUB FAMILY | ) Forrest County, Mississippi |
| INSURANCE COMPANY, | ) Civil Action No: 24-90 |
| | ) |
| Defendant. | |

## AUTO CLUB FAMILY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW the Defendant, Auto Club Family Insurance Company ("Auto Club"), and submits its Response to Plaintiff's Motion to Compel (Doc.88) as follows:

1. Plaintiff's motion is due to be denied because it not only seeks discovery that was initiated beyond the discovery cut-off date set forth in the Case Management Order, but also fails to comply with the requirements of Local Uniform Rule 37.

2. On August 28, 2024, Magistrate Judge Rath entered the Case Management Order for this matter, which provided a discovery cut-off date of April 1, 2025 *See* Doc. 8, pg. 4. According to Local Uniform Rule 26(b)(1)-(2), the Case

Management Order "will establish a firm discovery deadline" by which "all responses to written discovery" must be made. The Rule also provides that discovery must be initiated "sufficiently in advance" of the discovery deadline and that "discovery requests that seek responses . . . that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." At no point has either party sought an extension of the discovery period beyond the April 1, 2025 deadline set forth in the Case Management Order.

2. On June 12, 2024, more than two months after the discovery cut-off date, Plaintiff served her "First Requests for Production of Documents" seeking production of (1) Auto Club's complete claims handling manual and (2) adjuster notes, emails and report from Eberl Claims Services *See* Docs. 88-2 and 88-3.[1]

3. On July 3, 2025, the undersigned attempted to speak with Plaintiff regarding these discovery requests; however, Plaintiff would not speak to the undersigned without a written agreement as to the parameters of the phone call prior to the phone call taking place. *See* Emails dated July 3, 2025, attached as "Exhibit

---

[1] This was actually Plaintiff's second requests for production of documents as Auto Club responded to Plaintiff's first requests for production on September 13, 2024. *See* Docs. 9 and 10. Additionally, as required by Rule 26, Fed. R. Civ. P., Auto Club served its initial disclosures and produced 884 pages of documents on August 16, 2024.

A". Based on the email correspondence, it seemed clear that a phone call would not be productive.

4. On July 14, 2025, Auto Club responded to the Plaintiff's "First" Requests for Production by simply stating objections and referencing the previously produced document production as well as documents received in response to Plaintiff's non-party subpoena to Eberl Claims Services. *See* Doc. 88-2.

5. The very next day, on July 15, 2025, Plaintiff filed her Motion to Compel. Even if Plaintiff's discovery requests had been timely, which they are not, virtually no time elapsed during which Plaintiff and the undersigned could have held a meet and confer regarding this discovery dispute.[2] Moreover, Plaintiff's motion fails to include the required Good Faith Certificate in accordance with Local Uniform Rule 37(a). Such failure "will result in a denial of the motion . . ." *See* Local Rule 37(c).

WHEREFORE, premises considered, Auto Club respectfully requests the Court to enter an Order Denying Plaintiff's Motion to Compel.

*/s/ Priscilla K. Williams*
Priscilla K. Williams
*Attorney for Defendant*

---

[2] Arguably, the undersigned's attempted phone call and ensuing email correspondence on July 3, 2025 *may* be construed as the required meet and confer.

3

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: PKW@csattorneys.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 30th day of July, 2025.

Ms. Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401


                                            */s/ Priscilla K. Williams*
                                            OF COUNSEL