# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| LATASHA HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 2:24-cv-107-KS-BWR |
| vs. | ) |
| | ) Removed from Circuit Court of |
| AUTO CLUB FAMILY | ) Forrest County, Mississippi |
| INSURANCE COMPANY, | ) Civil Action No: 24-90 |
| | ) |
| Defendant. | |

## AUTO CLUB FAMILY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW the Defendant, Auto Club Family Insurance Company ("Auto Club"), and submits its Response to Plaintiff's Motion for Sanctions (Doc.89) as follows:

1. Plaintiff's Motion for Sanctions is based upon the same requests for production that form the basis of Plaintiff's Motion to Compel (Doc. 88). As discussed in Auto Club's Response (Doc. 96), Plaintiff's Motion to Compel is due to be denied due to initiating discovery after the discovery cut-off date and for failing to comply with Local Uniform Rule 37(a). For these reasons, Plaintiff's Motion for Sanctions is without merit. However, out of an abundance of caution, Auto Club addresses Plaintiff's arguments.

1

2. Plaintiff initially argues that Auto Club's objections are legally indefensible because claims manuals are routinely discoverable in bad-faith insurance cases. Plaintiff cites *Patterson v. Allstate*, 2019 WL 1239855 (S.D. Miss. 2019) as support for this argument. However, the undersigned has conducted a thorough search of caselaw databases, including Westlaw and Lexis, as well as searching for any case styled Patterson v. Allstate in the Southern District of Mississippi using PACER Case Locator, and has been unable to find such as case. Plaintiff also cites *Architex Ass'n v. Scottsdale Ins.*, 2022 WL 1234567 as support for her argument. *Architex Ass'n. v. Scottsdale Ins.*, which was a case decided by the Mississippi Supreme Court, does exist; however, the Court did not decide a discovery question or the production of a claims manual, but rather decided whether a policy's definition of an "occurrence" excluded coverage for property damage caused by a subcontractor's alleged negligence. *See Architex Ass'n. v. Scottsdale Ins.*, 27 So. 3d 1148 (Miss. 2010).

3. Plaintiff next claims that production of the claims manual is "central to proving Auto Club's systematic denial of wind-damage claims." However, Plaintiff's Complaint makes no such allegation. *See generally* Doc. 1-2. In fact, the series of events discussed in Auto Club's Motion for Partial Summary Judgment (Doc. 28) demonstrate quite the opposite is true. Moreover, Auto Club did not state an objection based on privilege or that it did not exist. Instead, Auto Club objected

due to lack of relevance and not being proportionate to the needs of the case. *See* Doc. 88-1. As such Plaintiff's request for sanctions due to the lack of a privilege log or spoliation of ESI is without merit.

4. Plaintiff next argues that critical notes were omitted and seemingly cross-references Auto Club's production with the documents produced by Eberl Claims Services in response to a subpoena. However, without more specific and identifying information, Auto Club is unable to address Plaintiff's argument. Plaintiff also complains that Auto Club withheld a November 2, 2021 correspondence from its production and references "Doc. 75, Ex. N", which appears in the electronic record as Doc. 75-1. Document 75-1 is the same November 2, 2021 correspondence that was produced in Auto Club's Initial Disclosures, which can be located at Auto Club Initial Disclosures.00151-152. *See* Auto Club Initial Disclosures.00151-152, attached as "Exhibit A". Plaintiff claims the November 2, 2021 correspondence references "the manual's policies" (Doc. 89, pg. 2) but it does not. The document, which speaks for itself, references the language contained in Plaintiff's "Premier Homeowner's Policy". As such, Plaintiff's claims regarding withholding documents are either conclusory statements without support or are just plainly inaccurate.

5. Lastly, Plaintiff cites *Hazy v. Ford Motor Co.*, 2021 WL 2345678 to argue the undersigned has either lied by omission or committed a fraud upon the

Court. However, as with *Patterson v. Allstate*, *supra*, the undersigned has conducted a thorough search of caselaw databases, including Westlaw and Lexis, and has been unable to find such a case.

WHEREFORE, premises considered, Auto Club respectfully requests the Court to enter an Order Denying Plaintiff's Motion for Sanctions.

/s/ *Priscilla K. Williams*
Priscilla K. Williams
*Attorney for Defendant*

**OF COUNSEL**:

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: PKW@csattorneys.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 30th day of June, 2025.

    Ms. Latasha Hill
    8 Annie Christie Drive
    Hattiesburg, MS 39401

                                    */s/ Priscilla K. Williams*
                                    OF COUNSEL