IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LATASHA HILL**                                                            **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 2:24-CV-107-KS-BWR**

**AUTO CLUB FAMILY
INSURANCE COMPANY, ET AL.**                                **DEFENDANTS**

## **ORDER**

Before the Court are several motions filed by Plaintiff and addressed, as follows:

1. Plaintiff, proceeding *pro se*, has filed Motions for Leave to File Amended Complaints [69] and [71].  There being no response from Defendants within the time allowed by the Local Uniform Civil Rules, the Motions are hereby granted.  *See* L. U. Civ. R. 7(b).  Accordingly, pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, Defendants' amended answer is due fourteen (14) days from the date of this Order.

2. Because the Court has granted Plaintiff's Motions for Leave to File Amended Complaints, the Court hereby denies without prejudice Defendants' Motion for Summary Judgment [27].

3. Plaintiff's Motion to Strike [56] is hereby denied without prejudice, as it was premised upon the report at [28-1] being an exhibit to Defendants' Motion for Summary Judgment [27].

4. The Court hereby refers the Motion to Compel [88], Motion for Sanctions [89], and the Motion/Application to Proceed in District Court Without Prepaying Fees or Costs [95] to Magistrate Judge Rath for decision, as the motions relate to pre-trial and discovery matters. Fed. R. Civ. P. 72(a).

5. The Court, *sua sponte*, continues the pretrial conference and the jury trial scheduled in this case; those matters will be reset by separate order.

6. The Dispositive Motion filing deadline is hereby reset to September 19, 2025.

7. Plaintiff has filed an Emergency Motion to Stay Proceedings Pending Mandamus Review [94]. Because Plaintiff has failed to provide any filings demonstrating that she is seeking mandamus review, the Motion [94] is denied without prejudice.

The parties are again advised that the Court will not tolerate contumacious conduct and vexatious filings that clog the docket. *See Farguson v. Mbank Houston*, 808 F.2d 358, 360 (5th Cir. 1986)(discussing the court's inherent power "to protect its jurisdiction and judgments and to control its docket."); *see also Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1113 (5th Cir. 1986)(finding that the court has the power to dismiss actions when a plaintiff fails to comply with orders during "vexatious litigation.").

Plaintiff's Supplemental Motion to Vacate Orders and for Disqualification [92] will be addressed by separate order.

SO ORDERED AND ADJUDGED, this 30th day of July, 2025.

*/s/ Keith Starrett*
KEITH STARRETT
UNITED STATES DISTRICT JUDGE