IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LATASHA HILL**                                                          **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 2:24-CV-107-KS-BWR**

**AUTO CLUB FAMILY
INSURANCE COMPANY, ET AL.**                                     **DEFENDANTS**

## ORDER

Before the Court is Plaintiff Hill's Supplemental Motion to Vacate Orders and for Disqualification [92] and supporting Memorandum [93]. Plaintiff has also filed a "Formal Rebuttal" [91]. For the reasons explained below, the Court hereby denies the relief requested at filings [91], [92], and [93].

The Court previously entered an Order [90] on July 24, 2025, denying Plaintiff's Motion for Disqualification [84]. Dissatisfied with that result, Plaintiff filed the Motion [92], again seeking disqualification of the undersigned. Plaintiff has also filed a "Formal Rebuttal" to the Court's Order [90] at docket number [91], which asks for substantially the same relief that she requests in her Motion [92] and supporting memorandum [93]. Broadly construing Plaintiff's Motion [92], memorandum [93], and "Formal Rebuttal" [91] as motions for reconsideration, Hill has made no showing of any reason why the Court's Order [90] should be reconsidered. *See* Fed. R. Civ. P. 54(b), 60(b). Accordingly, the Motion [92], the Memorandum [93], and the "Formal Rebuttal" [91] are hereby denied.

Alternatively, the Court finds that Plaintiff's requests for relief at [91], [92], and [93] are without merit and should be denied. In the filings, Plaintiff argues that the undersigned has

violated 28 U.S.C. § 455, as well as a myriad of other canons, statutes,[1] rules, and protocols. Plaintiff argues that she has presented "evidence of bias, partiality, and irregular judicial conduct," [93] at 2, that she has been "repeatedly subjected to fraud, oppression, suppression, and willful misconduct," *id.* at 3, that there have been "procedural irregularities," *id.* at 4, and that the undersigned has "undisclosed potential financial entanglements and affiliations with the insurance industry." *Id.*

Section 455 provides, in part, that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under subsection (b), a judge is also required to disqualify himself "[w]here he has personal bias or prejudice concerning a party" or where he "knows that he, individually or as a fiduciary . . . has a financial interest in the subject matter of the controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . . ." *Id.* at § 455(b)(1) and (b)(4). Subsection (c) provides, in relevant part, that a "judge should inform himself about his personal and fiduciary financial interests . . . ." *Id.* at § 455(c).

Turning to Plaintiff's arguments, once again, she cites adverse rulings as a basis for recusal. "Adverse rulings alone do not call into question a district judge's impartiality." *Bryant v. Orndorff*, 196 F. App'x 308 (5th Cir. Aug. 28, 2006)(citing *Liteky v. United States*, 510 U.S. 540 (1994)). At this juncture, the Court declines to engage in an analysis of every ruling it has issued in the case. In short, Plaintiff's arguments are baseless and distort the Court's orders and docket.

---

[1] Although Plaintiff also asserts that she is proceeding under 28 U.S.C. § 144, courts have concluded that a *pro se* litigant cannot invoke § 144 because a *pro se* litigant necessarily does not have "counsel of record" to certify that the motion is made in good faith. *See Alston v. Prairie Farms Dairy, Inc.*, No. 4:16-cv-245-DMB-JMV, 2018 WL 9866504, at *2 (N.D. Miss. Sept. 28, 2018), *aff'd*, 770 F. App'x 247 (5th Cir. 2019)(citing cases); *see also Scott v. Crosby Energy Servs.*, No. 19-12736, 2021 WL 2255748, *3 n.15 (E.D. La. May 28, 2021)(collecting cases).

Likewise, Plaintiff's allegations of a "conflict of interest," "financial entanglements," and "financial conflicts" are meritless, conclusory, and unreasonable. In sum, the Court has no "personal bias or prejudice concerning a party" in this action. 28 U.S.C. § 455(b)(1). And Plaintiff has failed to point to any objective evidence of such. Moreover, the Court has no "financial interest in the subject matter of the controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* at § 455(b)(4). In other words, the Court's impartiality cannot be "reasonably" questioned. *Id.* at § 455(a).

For these reasons, the Motion [92], the Memorandum [93], and the "Formal Rebuttal" [91] are hereby denied.

SO ORDERED AND ADJUDGED, this 4th day of August, 2025.

       */s/ Keith Starrett*
       KEITH STARRETT
       UNITED STATES DISTRICT JUDGE