SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 0 6 2025

BY ARTHUR JOHNSTON
DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: August 6, 2025

## SUPPLEMENTAL STATEMENT OF MISCONDUCT
### FRCP 59(e), 60(b)(3), and 28 U.S.C. § 455(f)

This supplement is filed in further support of my original Judicial Misconduct Complaint against Judge Keith Starrett, for conduct occurring in *Hill v. Auto Club Family Insurance Company*, Case No. 2:24-cv-00107-KS-BWR. I submit the following evidence and grounds to expand the record and reinforce the request for formal judicial discipline, investigation, and public accountability.

## I. CONTINUED PATTERN OF RETALIATORY AND PREJUDICIAL RULINGS

Since the original complaint, Judge Starrett has issued additional rulings that continue a pattern of unconstitutional bias, racial and economic discrimination, and denial of judicial neutrality:

- On August 4, 2025, the Judge entered an order [Doc. 102] denying my renewed motion for recusal and rebuttal memorandum.
- He falsely characterized all of my filings as "baseless," "conclusory," and distorted, without citing any evidence, without a hearing, and without issuing findings under § 455.

- He again refused to address the substance of serious and specific allegations of financial conflict and racial prejudice.
- He claimed "adverse rulings are not grounds for recusal" but ignored Supreme Court precedent that reasonable appearance of bias is sufficient, even absent actual prejudice.

This continues a long pattern of judicial retaliation, racial animus, docket manipulation (see Dkts. 34–49), and bad faith use of summary judgment to eliminate fact-finding.

## II. VIOLATIONS OF FEDERAL LAW AND CONSTITUTIONAL RIGHTS

Judge Starrett's conduct violates multiple statutes and binding precedents, including:

- 28 U.S.C. § 455(a), (b), and (c): Failure to recuse despite:
    - Objective appearance of bias;
    - Alleged financial entanglements with insurer-defendants;
    - Repeated refusal to adjudicate IFP motion (Doc. 95);
    - Personal hostility toward Plaintiff's lawful filings.
- Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988): Recusal required where impartiality could be reasonably questioned, even post hoc.
- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009): Due process requires recusal where a substantial risk of actual bias exists, even without proof of intentional misconduct. The probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable. (556 U.S. at 872)
- First and Fourteenth Amendments: Denial of equal protection, access to courts, and retaliation for protected legal speech.

- Judge Starrett's conduct creates a probability of bias due to his rulings, selective enforcement, or refusal to disqualify, *Caperton* empowers me to raise a due process challenge.

## III. MISREPRESENTATION OF RECORD AND FACTS

In denying disqualification, Judge Starrett:

- Deliberately misrepresented my filings as "vexatious" to discredit my motions without factual findings;
- Cited *Liteky v. United States*, 510 U.S. 540 (1994), selectively and out of context;
- Ignored the *Liljeberg* standard requiring even the appearance of bias to trigger recusal;
- Failed to address key constitutional violations, including suppression of filings, racial animus, and disparate procedural treatment of pro se litigants.

## IV. REQUEST FOR DISCIPLINARY AND REMEDIAL ACTION

I respectfully demand the following from the Fifth Circuit Judicial Council:

1. Immediate reopening and investigation of Judge Starrett's conduct in the referenced case;
2. Full audit of rulings and docket behavior from July 2024 to present, including all sealed or stricken documents;
3. Referral to the Chief Judge for reassignment of the case under 28 U.S.C. § 455(f);
4. Public acknowledgment of the pattern of judicial bias and its harmful impact on equal access to justice.

I declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America, acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that I, Latasha Hill execute this document in accordance with my best knowledge and understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice. The plaintiff Latasha Hill proceeds In Good Faith, Without Dishonor, and Reserves All Rights under UCC 1-308.

By: *Latasha Hill*
Latasha Hill
Propria Persona
Sui Juris
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: August 6, 2025

## CERTIFICATE OF SERVICE

**Pursuant To FRCP 59(e), 60(b)(3), and 28 U.S.C. § 455(f) Supplemental Statement Of Misconduct and Rebuttal to Judge Starrett's orders(Docs. 90, 102, and 103).** This letter serves as formal notice of Plaintiff's Rebuttal and Supplemental Statement. I, Latasha Hill, certify that on August 6, 2025, I will serve this Plaintiff's Rebuttal and Supplemental Statement, on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email

Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By: /s/ Latasha Hill
Latasha Hill
Propria Persona
Sui Juris

Latasha Hill
8 Annie Christie Drive
Hattiesburg, Mississippi 39401
Civil Action No. 2:24-cv-107-KS-BWR
601-202-3262