IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| LATASHA HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 2:24-cv-107-KS-BWR |
| vs. | ) |
| | ) Removed from Circuit Court of |
| AUTO CLUB FAMILY | ) Forrest County, Mississippi |
| INSURANCE COMPANY, | ) Civil Action No: 24-90 |
| | ) |
| Defendant. | |

_____

### ANSWER TO AMENDED COMPLAINTS
_____

COMES NOW the Defendant, Auto Club Family Insurance Company ("Auto Club" or "Defendant"), and pursuant to the Court's Order (Doc. 98) Answers the Plaintiff's First Amended and Second Amended Complaints (Doc. 69-1 and 75) as follows:

### PARTIES

1. Upon information and belief, admitted.

2. Denied. Defendant is an insurance company organized under the laws of the State of Missouri, having its principal place of business in the State of Missouri.

### JURISDICTION AND VENUE

3. Upon information and belief, admitted.

1

4. Upon information and belief, admitted.

## FACTS

5. Upon information and belief, admitted.

6. The allegations of paragraph 6 do not require a response from Defendant. To the extent a response is required, Defendant lacks the specific knowledge required to either admit or deny. To the extent a response is required, the allegations of Paragraph 11 are denied.

7. The allegations of paragraph 7 are denied.

8. Defendant admits that Plaintiff reported a claim to Auto Club and that it has corresponded with the Plaintiff. The remaining allegations of Paragraph 8 are denied.

9. The allegations of paragraph 9 do not require a response as the document speaks for itself. To the extent a response is required, Defendant admits that it corresponded with the Plaintiff.

10. The allegations of paragraph 10 are denied.

11. Defendant lacks specific knowledge required to either admit or deny the allegations of paragraph 11. To the extent a response is required, the allegations of Paragraph 11 are denied.

12. Defendant admits that Douglas Davis inspected Plaintiff's home and determined wind-driven rain was caused through the ridge vent. The remaining allegations of Paragraph 12 are denied.

13. Defendant admits that Chris Wood inspected Plaintiff's home and determined that interior water damage was caused by water entering the ridge vent over an extended period of time. The remaining allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are admitted.

17. The allegations of Paragraph 17 are admitted.

18. The allegations of Paragraph 18 are admitted.

19. The allegations of Paragraph 19 are denied as worded.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

## COUNT I – CLAIM FOR POLICY BENEFITS

### Breach of Contract

23. Defendant reasserts and reavers its previous answers as if fully set forth herein.

24. Defendant admits that Plaintiff made a claim pursuant to the policy. The remaining allegations of Paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

## COUNT II – CLAIM FOR BAD FAITH FAILURE TO PAY BENEFITS, BAD FAITH DENIAL OF CLAIMS, BAD FAITH DELAY, AND BAD FAITH INVESTIGATION

26. Defendant reasserts and reavers its previous answers as if fully set forth herein.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. The allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 are denied, including all sub-paragraphs.

35. The allegations of Paragraph 35 are denied.

## COUNT III – NEGLIGENCE AND GROSS NEGLIGENCE

36. Defendant reasserts and reavers its previous answers as if fully set forth herein.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

## COUNT IV – BREACH OF CONTRACT

40. Defendant reasserts and reavers its previous answers as if fully set forth herein.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

## COUNT V – TORTIOUS BREACH OF CONTRACT

43. Defendant reasserts and reavers its previous answers as if fully set forth herein.

44. The allegations of Paragraph 44 are denied.

## COUNT VI – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

45. Defendant reasserts and reavers its previous answers as if fully set forth herein.

46. The allegations of Paragraph 46 are denied.

47. The allegations of Paragraph 47 are denied.

## COUNT VII – NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Defendant reasserts and reavers its previous answers as if fully set forth herein.

49. The allegations of Paragraph 37 are denied.

As to the unnumbered paragraph following Paragraph 49, Defendant denies the Plaintiff is entitled to any judgment against it and demands strict proof thereof.

### **COUNT VIII – BREACH FO UCC § 1-304 GOOD FAITH**

Defendant reasserts and reavers its previous answers as if fully set forth herein.

50. The allegations of Paragraph 50 are denied, including all unnumbered sub-paragraphs.

To the extent the unnumbered paragraphs appearing under "Key Allegations" on pg. 2 of Doc. 69-1 are incorporated into Count VIII, the Defendant denies the allegations of these unnumbered paragraphs.

### **COUNT IX – FRAUDULENT INCUDEMENT**

Defendant reasserts and reavers its previous answers as if fully set forth herein.

51. The allegations of Paragraph 51 are denied, including all unnumbered sub-paragraphs.

To the extent the unnumbered paragraphs appearing under "Key Allegations" on pg. 2 of Doc. 69-1 are incorporated into Count IX, the Defendant denies the allegations of these unnumbered paragraphs.

### COUNT X – NEGLIGENT INSPECTION (YA ENGINEERING SERVICES, LLC)

Defendant reasserts and reavers its previous answers as if fully set forth herein.

52.　The allegations of Paragraph 52 are denied, including all unnumbered sub-paragraphs.

To the extent the unnumbered paragraphs appearing under "Key Allegations" on pg. 2 of Doc. 75 are incorporated into Count X, the Defendant denies the allegations of these unnumbered paragraphs.

### COUNT XI – FRAUD/MISREPRESENTATION (AAA)

Defendant reasserts and reavers its previous answers as if fully set forth herein.

53.　The allegations of Paragraph 53 are denied, including all unnumbered sub-paragraphs.

To the extent the unnumbered paragraphs appearing under "Key Allegations" on pg. 2 of Doc. 75 are incorporated into Count XI, the Defendant denies the allegations of these unnumbered paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the defenses and denials set forth above, Defendant asserts the following affirmative and other defenses. Defendant reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses that may become apparent at any time in the course of this litigation.

1. Except as otherwise expressly admitted, Defendant denies each and every material allegation in the Complaint.

2. Defendant affirmatively pleads all defenses available to it pursuant to the *Mississippi Rules of Civil Procedure*, *Mississippi Rules of Evidence*, and all other applicable procedural rules and statutes, and contracts.

3. The Complaint and each of the separate counts set forth therein fail to state a claim upon which relief may be granted and should therefore be dismissed.

4. Defendant's damages, if any, were caused by the acts and failures to act of persons and entities other than Defendant.

5. Defendant did not breach any duty or obligation, if any, owed to Plaintiffs.

6. Plaintiffs suffered no injury or damage as a result of conduct of Defendant.

7. Some or all of the relief and/or damages sought by Plaintiffs are not available under applicable law.

8. Defendant's actions were performed in good faith.

9. All acts done by Defendant were performed fairly and for a lawful purpose, and its conduct was in compliance with its obligations under applicable law.

10. Defendant incorporates all of the terms, conditions, exclusions and definitions contained in Defendant's subject insurance policy as well as the provisions of the Mississippi uninsured motorist statute. Such provisions include, but are not limited to, the right to an offset.

11. Defendant affirmatively pleads MISS. CODE ANN. § 83-11-101 (Supp. 2007), et seq.

12. Any claims for punitive damages against Defendant are insufficiently pleaded to state a claim for same as against Defendant.

13. Defendant pleads all applicable statutes and asserts all applicable substantive and procedural aspects of this state, including statutory caps, with regard to any claims for punitive damages.

14. Given the facts underlying this dispute, any award of punitive or exemplary damages to Plaintiffs would violate Defendant's rights to procedural due process and to substantive due process as provided by the Constitution of the United States and the Constitution of the State of Mississippi.

15. Defendant complied with all laws and regulations with regard to the subject matter of Plaintiffs' Complaint, and each and every purported cause of action contained therein, and is, therefore, not liable to Plaintiffs for any damages.

16. Defendant denies that its acts or omissions entitle Plaintiffs to recover punitive damages.

17. Defendant denies all allegations of bad faith.

18. Plaintiffs' claims, or some of them, are barred, in whole or in part, by Plaintiffs' actions and/or inactions, which resulted in the excuse of any performance by Defendant.

19. Defendant's actions were performed in good faith and were at all times commercially reasonable and in conformity with normal and ordinary standards practiced in the relevant industry.

20. All acts done by Defendant were performed fairly and for a lawful purpose, and its conduct was in compliance with its obligations, if any, under applicable law and contracts.

21. Plaintiffs cannot show a denial of any claim and therefore, Plaintiffs ought not recover.

22. Defendant denies that it has denied Plaintiffs relief under the terms of its subject policies.

23. Defendant affirmatively pleads all applicable provisions and protections of the Mississippi Litigation Accountability Act.

24. Defendant affirmatively pleads that the allegations as set forth in the complaint are without factual basis and not made in good faith and in conformity with the *Mississippi Rules of Civil Procedure.*

25. Defendant affirmatively pleads any protections and remedies available to it under *Mississippi Rule of Civil Procedure* 11.

26. Defendant affirmatively pleads any protections and remedies available to it under MISS. CODE ANN. § 11-1-65.

27. Plaintiff has failed to plead her fraud claims with particularity, as required under Rule 9(b), Fed. R. Civ. P.

28. Defendant reserves its right to amend this answer to include any additional and further defenses as may be revealed during discovery.

WHEREFORE, Defendant respectfully prays that this Court:

a) Dismiss Plaintiff's Complaint with prejudice;

b) Or, alternatively, award judgment in favor of Defendant and tax all costs and attorneys' fees against Plaintiff.

Done this 13th day of August, 2025.

*s/ Priscilla K. Williams*
Priscilla K. Williams
Mississippi Bar No. 105016
Attorney for Defendant

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: PKW@csattorneys.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 13th day of August, 2025.

Ms. Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401

                                          */s/ Priscilla K. Williams*
                                          OF COUNSEL