# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| LATASHA HILL, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 2:24-cv-107-KS-BWR |
| vs. | ) |
| | ) Removed from Circuit Court of |
| AUTO CLUB FAMILY | ) Forrest County, Mississippi |
| INSURANCE COMPANY, | ) Civil Action No: 24-90 |
| | ) |
| Defendant. | |

## AUTO CLUB FAMILY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW the Defendant, Auto Club Family Insurance Company ("Auto Club"), and submits its Response to Plaintiff's Motion for Sanctions (Doc.104) as follows:

1. Plaintiff's first basis for her Motion for Sanctions relates to the exhibits attached to Auto Club's Motion for Partial Summary Judgment (Docs. 27 and 28). On July 31, 2025, this Honorable Court Granted Plaintiff's Motion to Amend her Complaint and in doing so, denied without prejudice Auto Club's Motion for Summary Judgment (Doc. 98). As such, any arguments Plaintiff now makes with respect to the exhibits attached to Defendant's Motion should be moot.

2. Plaintiff next takes issue with Defendant's Expert Disclosures. Admittedly, Defendant's Notice of Service was filed on February 17, 2025,

1

however, said notice referenced service of the actual disclosures on February 8 [sic], 2025. (Doc. 21). On February 7, 2025, Defendant disclosed Mr. Robert James as its retained expert, and produced Mr. James' written and signed report prepared in this matter as well as his resume and rate schedule. *See* Exhibit 1, pg. 2, 32-37. Mr. James' report includes seven conclusions, discusses his review of photographs from inspections that took place on September 10, 2021, and October 25, 2021, as well as observations from Mr. James' personal inspection of the property on November 12, 2024. *See id.* at pg. 8-13. Photographs from Mr. James' inspection, as well as meteorological data that was obtained in conjunction with preparing his report are attached as exhibits to his report. *See* Exhibit 1, pg. 16-31. Mr. James then sets forth a two-page discussion before stating his seven conclusions. *See id.* pg. 11-12. Considering all this, Defendant's expert disclosures comply with the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P.

Plaintiff claims that she could not depose Mr. James or rebut his opinions before discovery closed; however, a period of fifty-three days existed between the date of Defendant's expert disclosures and the close of discovery on April 1, 2025. During this time, Plaintiff never requested to depose Mr. James. Defendant admits that its expert disclosure was due on February 6, 2025, and was not made until the next day. The undersigned counsel mistakenly read her calendar as February 7, 2025, for being the deadline for Defendant's expert disclosures and did not realize until Plaintiff's Motion that the disclosure was not timely. However, Defendant's

expert disclosures was made within twenty-four hours of the original deadline and well-within the Court's discovery period. As such, the less than twenty-four hour delay between the deadline and Defendant's disclosure was harmless. *See also Bigelow v. State Farm Fire & Cas. Co.*, 2024 U.S. Dist. LEXIS 197827 (S.D. Miss. Oct. 27, 2024) (striking Plaintiff's expert when its initial expert disclosure did not comply with Rule 26, Fed. R. Civ. P. and his "subsequent report" was, in reality, his initial report, which was not produced until two months after Plaintiff's expert designation deadline).

Unlike the defendant in *Bigelow*, Plaintiff here possessed Mr. James' signed report that contained a statement of his conclusions, as well as the basis and reasons for them, that included the facts and data Mr. James considered, as well as his qualifications and statement of compensation within twenty-four hours of Defendant's deadline for expert disclosures. As such, Plaintiff had all the information she needed "to prepare for trial or anticipate [Mr. James'] future testimony." *See id* at. *8.

WHEREFORE, premises considered, Auto Club respectfully requests the Court to enter an Order Denying Plaintiff's Motion for Sanctions.

/s/ Priscilla K. Williams
Priscilla K. Williams
*Attorney for Defendant*

3

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Facsimile:  (205) 328-7234
Email: PKW@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 18th day of August, 2025.

Ms. Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401

/s/ Priscilla K. Williams
OF COUNSEL