IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,
Plaintiff,
v.
AUTO CLUB FAMILY INSURANCE COMPANY
Defendant

CASE NO.: 2:24-cv-00107-KS-BWR
August 19, 2025

## MOTION FOR APPOINTMENT OF EXPERIENCED BAD FAITH COUNSEL
(28 U.S.C. § 1915(e)(1))

### I. Introduction

Plaintiff respectfully moves this Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff's application to proceed *in forma pauperis* remains pending, and without counsel Plaintiff faces severe prejudice in prosecuting this bad-faith insurance case.

This action involves specialized issues of insurance coverage, bad-faith claims handling, discovery of insurer claim files, electronic evidence, and federal procedure. These issues are not suitable for a pro se litigant without trial experience. This Court is not only a court of law but also a court of equity. Where a party's conduct threatens to undermine the truth-finding process and tilt the scales of justice, equity demands intervention. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). The Federal Rules are to be construed in light of equity's mandate that no litigant should benefit from unclean hands, and no wrong should be left without a remedy. Plaintiff therefore invokes this Court's equitable powers under Rule 1, its inherent authority, and settled maxims of equity to ensure fairness in these proceedings. I stress that equity requires appointment to prevent **fundamental unfairness**. This motion is grounded not only in the

Page 1 of 4

Federal Rules of Civil Procedure, the Local Uniform Civil Rules of the Southern District of Mississippi, and applicable statutes and case law, but also in the **equitable powers** of this Court. See Fed. R. Civ. P. 1; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). Federal courts are courts of law and equity, and equity's maxims apply with full force where injustice, unfair surprise, or unclean hands threaten the truth-finding process.

## II. Legal Standard

1. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."
2. The Fifth Circuit considers (a) the complexity of the case, (b) the ability of the pro se litigant, (c) the importance of the evidence, and (d) whether the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).
3. Exceptional circumstances exist where denial of counsel would result in fundamental unfairness. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

## III. Grounds for Appointment

1. **Case Complexity:** This matter involves allegations of bad-faith insurance practices, including discovery of claim files, reserves, underwriting guidelines, and electronically stored information (ESI). These issues require expert handling and knowledge of discovery sanctions law.
2. **Severe Prejudice Without Counsel:** Defense counsel has already engaged in delay and obstruction in discovery. Without counsel skilled in insurance litigation, Plaintiff cannot fairly prosecute this case or oppose summary judgment motions.

3. **Need for Expert Trial Counsel:** Plaintiff requests not a "token" appointment, but counsel experienced in federal trial of bad-faith insurance cases, as this case will involve expert testimony, Rule 30(b)(6) depositions, and evidentiary motions.

4. **Fairness and Justice Require Appointment:** Plaintiff is indigent, having applied for *in forma pauperis* status on July 28, 2025. Denial of counsel under these circumstances would tilt the scales of justice, undermine Rule 1's mandate for a just determination, and risk reversible error.

5. Plaintiff further invokes this Court's equitable jurisdiction and the maxims of equity, including but not limited to: equity abhors forfeiture; he who comes into equity must come with clean hands; equity will not suffer a wrong without a remedy; and equity delights to do justice and not by halves. These principles compel full relief to prevent injustice and deter bad-faith litigation tactics.

## IV. Relief Requested

WHEREFORE, Plaintiff respectfully moves this Court to:

1. Grant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1);
2. Request the appointment of an attorney experienced in trial of bad-faith insurance cases; and
3. Grant such further relief as justice requires.

i declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America, acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that i, Latasha Hill execute this document in accordance with my best knowledge and

understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice. I reiterate this Plaintiff Latasha Hill proceeds in Good Faith, Without Dishonor, and All Rights Reserved under UCC 1-308, Without Prejudice.

Respectfully Submitted August 19, 2025

By: /s/ Latasha Hill
Latasha Hill
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**

**Plaintiff,**

v.

**AUTO CLUB FAMILY INSURANCE COMPANY,**

**Defendant.**

Case No.: 2:24-cv-00107-KS-BWR

Date: August 19, 2025

## CERTIFICATE OF SERVICE

Pursuant to 28 USC § 1915, FRCP 37(a), Rule 26(b)(5), FRCP 37(c)(1), FRCP 26(g) & 34(b)(2)(B), FRE 401/402/403, FRE 803(6)/805/901, FRE 702, FRE 1002/1003 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on August 19, 2025, I will serve this Motion for Appointment of experienced bad faith counsel, Motel To Compel Discovery, Motion to Exclude Exhibits, Motion in Limine to exclude references to plaintiff pro se status, Motion to limit claim files, Motion to Exclude unreliable testimony, and Motion in Limine to require authentication on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:___/s/Latasha Hill__
Latasha Hill
Propria Persona
Sui Juris