IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,
Plaintiff,
v.
AUTO CLUB FAMILY INSURANCE COMPANY
Defendant

CASE NO.: 2:24-cv-00107-KS-BWR
August 19, 2025

## MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF EXPERIENCED BAD FAITH COUNSEL

Assistance of Counsel Requested, Appointment of Experienced Trial Counsel in Insurance Bad-Faith Case

COMES NOW Plaintiff, Latasha Hill, pro se and proceeding in forma pauperis (IFP application filed July 28, 2025; see Doc. 95), and respectfully moves this Court for an order appointing counsel experienced in insurance bad-faith trials to represent Plaintiff in this civil action under 28 U.S.C. § 1915(e)(1) and the Court's inherent authority where appropriate. Plaintiff asks the Court to appoint counsel with documented experience in federal-court trial work and particular experience in insurance bad-faith litigation (trial experience, Daubert/coverage/bad-faith, and discovery/ESI work). In support, Plaintiff states as follows:

**INTRODUCTION: REQUEST**

1. Plaintiff is indigent and filed an application to proceed in forma pauperis on July 28, 2025 (See Doc. 95). Plaintiff currently lacks the financial resources and legal representation necessary to pursue this complex litigation.

2. This action alleges insurance bad-faith, breach of contract, fraud, punitive damages, negligence, statutory and common-law claims and will require extensive discovery (including voluminous ESI and claim-file review), expert engagement (industry standard, causation, damages), detailed briefing on Mississippi insurance law, and trial presentation that includes cross-examination of corporate witnesses and experts. **These factors together create the type of factual and legal complexity that Fifth Circuit precedent calls "exceptional circumstances" warranting appointment of counsel.**

## ARGUMENT: LAW & APPLICATION

### A. Governing law: discretionary appointment under §1915(e)(1) and Fifth Circuit standards

3. 28 U.S.C. § 1915(e)(1) authorizes the Court to request counsel for an indigent civil litigant in its discretion. Appointment is not automatic; courts in the Fifth Circuit grant counsel only when **"exceptional circumstances"** exist.

4. The Fifth Circuit's controlling approach evaluates whether appointment will help the litigant present the *essential merits* of the case. Courts look primarily to (a) the type of case, and (b) the abilities of the litigant to investigate and present the case along with related factors such as whether the evidence will be dominated by conflicting testimony requiring skillful cross-examination and whether appointment will materially assist the Court in efficient resolution. See *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261–62 (5th Cir. 1986); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

5. Decisions applying these standards confirm courts evaluate: (a) the complexity of legal issues and discovery; (b) the plaintiff's literacy and ability to present the case; (c) the plaintiff's ability to conduct factual investigation; and (d) whether the evidence will largely be conflicting testimony that requires expert cross-examination skills. See *Ulmer*, *Jackson*, *Cupit*, and more recently *Delaughter v. Woodall*, 909 F.3d 130 (5th Cir. 2018) (reviewing district court's denial for abuse of discretion).

6. Under Fifth Circuit precedent, when a district court finds exceptional circumstances but cannot secure willing counsel, the court may in limited circumstances exercise inherent authority to compel counsel to accept an uncompensated appointment (Fifth Circuit recognition in *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015)) though the court should exhaust conventional methods first (pro bono lists, bar panels, local legal aid). The Naranjo court described that power narrowly and emphasized the limited factual scenario that justified it.

**B. Application here: the required *exceptional circumstances* are present**

7. **Indigency:** Plaintiff swears under the attached Affidavit of Indigency that Plaintiff lacks funds to retain counsel, and submitted an IFP application to the Court on July 28, 2025 (See Doc. 95). This satisfies the initial threshold for consideration under §1915(e)(1).

8. **Need for specialized bad faith counsel experienced in federal litigation:** This matter involves complex insurance coverage issues, detailed bad-faith standards under Mississippi law, voluminous claim files and ESI, expert opinions on industry practice, and anticipated Daubert and motions practice. Presenting these issues effectively will require counsel with: federal trial experience, insurance-law expertise, and litigation resources to manage ESI and expert discovery. A pro se litigant cannot reasonably be

expected to develop and present this layered proof and to examine/defeat sophisticated corporate experts and claims-handling defenses. The Fifth Circuit recognizes this type of complexity as supporting appointment.

9. **Plaintiff's ability to present the case is impaired:** Lack of legal training, no access to law library or legal-research subscriptions, inability to retain experts, my cellphone and computer has been hacked/compromised and I will have to get an computer forensics expert to analyze them. These factual limitations materially reduce Plaintiff's ability to obtain and meaningfully use evidence (including ESI) and to perform the necessary expert work and cross-examination. Courts treat these real limitations as a key factor in the exceptional-circumstances analysis.

10. **Discovery burden / need for experts:** Defense will rely on corporate claim files, adjuster notes, algorithmic underwriting or scoring records, and expert testimony to justify denial/coverage positions. Plaintiff will require (and cannot fund) expert testimony to rebut technical claims, and will need counsel to coordinate discovery, obtain ESI metadata, serve expert notices and Daubert motions, and prepare for trial. This is exactly the kind of resource-intensive litigation where appointment materially affects the ability to present the case.

11. **Conflicting testimony and cross-examination:** The likely presence of conflicting witness statements (corporate personnel, adjusters, retained experts) creates a significant need for skillful cross-examination. The Fifth Circuit recognizes that when proof will turn on testimonial credibility and there is heavy conflict, appointment of counsel is appropriate.

12. **Benefit to the Court and judicial economy:** Appointment will promote efficient case management and reduce the risk of later error or reversal rooted in the plaintiff's inability to comply with procedural and evidentiary rules without counsel. Federal courts routinely consider this in determining whether appointment will assist the parties and the Court. See *Jackson, Delaughter*.

## C. Good-faith efforts to obtain counsel (required factual showing)

13. Plaintiff has attempted to secure counsel without Court appointment and has not found experienced counsel willing to accept the case on a contingent or pro bono basis. Plaintiff's contacts and responses are summarized in the attached Certification of Good-Faith Efforts (Exhibit B). (If you have not yet contacted counsel, do that immediately and list names and responses in Exhibit B before filing.) Many district courts expect this showing before appointment; failure to attempt outreach weakens the motion. (I.e., list names, dates, and responses.)

## D. Narrow requested relief targeted appointment to preserve the record and litigate merits

14. Plaintiff does not seek a general or indefinite appointment for unrelated litigation. Plaintiff requests that the Court appoint experienced counsel to represent Plaintiff in this action through dispositive motions and trial, or at least appoint counsel for the critical immediate phases: (a) to complete and preserve discovery (30(b)(6), ESI, and expert retention), (b) to litigate Daubert and summary-judgment issues, and (c) to prepare the case for trial. Alternatively, the Court may appoint counsel initially for discovery and merits development and revisit later. Appointment of counsel on a limited scope is common and practical.

## E. If the Court finds exceptional circumstances but cannot identify volunteer counsel

15. Plaintiff respectfully requests that, if the Court finds exceptional circumstances but the Court is unable to locate willing counsel through ordinary pro bono channels, the Court consider the narrow authority discussed by the Fifth Circuit in *Naranjo* to require an attorney to accept the appointment — only after the Court has exhausted reasonable avenues to find counsel willing to accept the representation. *Naranjo* is a narrow, fact-specific holding and is cited only to show the Court's full range of options in exceptional cases.

## REQUEST FOR SPECIFIC QUALIFICATIONS

16. In order to ensure a meaningful appointment that actually levels the playing field, Plaintiff requests that any appointed counsel meet the following minimum qualifications (or be permitted to associate counsel who does):

    a. Admitted to practice in the United States District Courts for the Northern and Southern Districts of Mississippi (or permitted pro hac vice with local counsel);

    b. Minimum 7–10 years of civil litigation experience with substantial federal court practice;

    c. Demonstrated experience in insurance coverage and bad-faith litigation and in taking cases to jury trial (or extensive motion/Daubert practice against corporate insurers);

    d. Litigation team resources or staffing to manage ESI and expert work (paralegal/forensic/eDiscovery familiarity); and

    e. Willingness to accept an appointment pro bono or on a reduced fee basis if appointed under §1915(e)(1).

## CONCLUSION & RELIEF REQUESTED

WHEREFORE, for the reasons above and in the interests of justice and judicial efficiency, Plaintiff respectfully requests that the Court:

A. Grant this Motion and appoint counsel under 28 U.S.C. § 1915(e)(1) to represent Plaintiff in this action;

B. Appoint counsel who meet the qualifications requested above (or permit association of counsel with those qualifications);

C. If required by the Court, direct the Clerk to solicit counsel from the Court's pro bono panel and provide plaintiff a list of appointed counsel;

D. If the Court finds exceptional circumstances and is unable to secure willing counsel through ordinary means, consider using the Court's limited inherent authority as described in *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015) but only after the Court exhausts volunteer possibilities; and

E. Grant such other and further relief as the Court deems just and proper.

**Attachments:** Exhibit A, Doc. 95 IFP application filed July 28, 2025(still awaiting approval); Exhibit B Certification of Good-Faith Outreach to Counsel; Exhibit C Affidavit of Indigency.

**Key Authorities:** 28 U.S.C. § 1915(e)(1). See *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982); *Jackson v. Dallas Police Dep't*, 811 F.2d 260 (5th Cir. 1986); *Cupit v. Jones*, 835 F.2d 82 (5th Cir. 1987); *Delaughter v. Woodall*, 909 F.3d 130 (5th Cir. 2018); *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015); see also 28 U.S.C. § 1915(e) and local pro se resources.

i declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America, acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that i, Latasha Hill execute this document in accordance with my best knowledge and understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice. I reiterate this Plaintiff Latasha Hill proceeds in Good Faith, Without Dishonor, and All Rights Reserved under UCC 1-308, Without Prejudice.

Respectfully Submitted August 19, 2025

By: *Latasha Hill*
Latasha Hill
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: August 19, 2025

## CERTIFICATE OF SERVICE

Pursuant to 28 USC § 1915, FRCP 37(a), Rule 26(b)(5), FRCP 37(c)(1), FRCP 26(g) & 34(b)(2)(B), FRE 401/402/403, FRE 803(6)/805/901, FRE 702, FRE 1002/1003 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on August 19, 2025, I will serve this Motion for Appointment of experienced bad faith counsel, Motel To Compel Discovery, Motion to Exclude Exhibits, Motion in Limine to exclude references to plaintiff pro se status, Motion to limit claim files, Motion to Exclude unreliable testimony, and Motion in Limine to require authentication on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:___/s/Latasha Hill__
Latasha Hill
Propria Persona
Sui Juris