# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**Latasha Hill,**
Plaintiff,
v.

**AUTO CLUB FAMILY INSURANCE COMPANY**
Defendant

**CASE NO.: 2:24-cv-00107-KS-BWR**
**August 19, 2025**

## NOTICE OF EQUITY STATEMENT

Plaintiff respectfully submits this **Equity Statement** to be incorporated into all present and future filings in this action, in order to preserve Plaintiff's invocation of the Court's equitable jurisdiction, inherent authority, and duty to administer justice consistent with conscience and fairness.

### 1. Courts of Law Are Also Courts of Equity

This Court sits not only as a court of law, but also as a court of equity. The Federal Rules of Civil Procedure are expressly designed to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In exercising its jurisdiction, the Court retains broad **equitable powers** to prevent injustice, remedy wrongs, and ensure no party benefits from misconduct. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).

### 2. Equitable Principles Applicable Here

Plaintiff invokes the following long-settled maxims of equity:

- **Equity abhors forfeiture**: Defendant should not be permitted to exploit technicalities to deprive Plaintiff of substantive rights.
- **He who comes into equity must come with clean hands**: Defense counsel's obstructive discovery practices and bad-faith litigation tactics bar them from equitable consideration.
- **Equity will not suffer a wrong without a remedy**: Where statutes or rules fall short, the Court must act equitably to prevent injustice.
- **Equitable estoppel**: Defendant cannot deny relief where its own misleading or obstructive conduct caused delay or prejudice.

### 3. Application to This Case

Defendant's litigation conduct has multiplied proceedings, obstructed discovery, and sought to prejudice Plaintiff's ability to prosecute this bad-faith action. Equity demands intervention to ensure fairness, deter abuse, and preserve the integrity of judicial process.

### 4. Relief

Plaintiff respectfully requests that this Equity Statement be incorporated into all present and future motions, responses, and filings, and that the Court exercise its equitable jurisdiction to ensure **justice, fairness, and conscience** govern the outcome of this case.

Respectfully Submitted August 19, 2025

By: _Latasha Hill_
Latasha Hill
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**Latasha Hill,**

**Plaintiff,**

**v.**

**AUTO CLUB FAMILY INSURANCE COMPANY,**

**Defendant.**

**Case No.: 2:24-cv-00107-KS-BWR**

**Date: August 19, 2025**

### CERTIFICATE OF SERVICE

Pursuant to 28 USC § 1915, FRCP 37(a), Rule 26(b)(5), FRCP 37(c)(1), FRCP 26(g) & 34(b)(2)(B), FRE 401/402/403, FRE 803(6)/805/901, FRE 702, FRE 1002/1003 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on August 19, 2025, I will serve this Motion for Appointment of experienced bad faith counsel, Motel To Compel Discovery, Motion to Exclude Exhibits, Motion in Limine to exclude references to plaintiff pro se status, Motion to limit claim files, Motion to Exclude unreliable testimony, and Motion in Limine to require authentication on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:___/s/Latasha Hill__
Latasha Hill
Propria Persona
Sui Juris