SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 1 9 2025
ARTHUR JOHNSTON
BY               DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,
Plaintiff,
v.
AUTO CLUB FAMILY INSURANCE COMPANY
Defendant

CASE NO.: 2:24-cv-00107-KS-BWR
August 19, 2025

## PLAINTIFF'S MOTION TO EXCLUDE UNDISCLOSED WITNESSES/EXHIBITS AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(c)(1)

1. Rule 37(c)(1) provides that a party that fails to provide information required by Rule 26(a) is not allowed to use that information at trial, unless the failure was substantially justified or harmless. The defense failed to disclose, never supplemented, and/or only produced on late date insufficient notice prejudicing Plaintiff. Plaintiff therefore moves to exclude the late evidence and to award fees and costs for having to bring this motion. Here is the precise identification of the defendant's discovery failures.

**1. Item Withheld: The Complete Claims Handling Manual (Request No. 1)**

- **Deadline for Production:** July 14, 2025 (30 days after service on June 12, 2025, per FRCP 34(b)(2)(A)).
- **Status: NEVER PRODUCED.**
- **Violation:** The defendant did not produce this item by the deadline. Instead, they served a boilerplate objection that is legally frivolous, violating FRCP 26(g) and 34(b)(2)(B). This is a outright refusal to comply.

Page 1 of 4

## 2. Item Withheld: A Proper and Complete Response for Adjuster Notes (Request No. 2)

- **Deadline for Response and Production: July 14, 2025.**
- **Status: PRODUCED IN A DEFICIENT, NON-COMPLIANT MANNER.**
- **Violation:** While the defendant claims "any responsive documents" were previously produced, this response is evasive and violates the rules.

**FRCP 34(b)(2)(E)(i):** They failed to either produce the documents as they are kept in the usual course of business **or** organize and label them to correspond to the request categories. Dumping 884 pages of initial disclosures and referencing a separate 456-page production from a third party is a deliberate attempt to obscure responsive documents and shift the burden of organization to you, the pro se plaintiff.

**FRCP 26(g)(1)(B):** The vague, qualified response ("*any* responsive documents") is not proportional nor reasonable. It is designed to avoid certifying that the production is complete, allowing them to later claim they "found" more documents. A proper response must affirm that all documents responsive to the request have been produced.

This item was never properly produced by the deadline. It was only *referenced* in a non-compliant manner on the deadline date.

2. Factors: The Court should consider the reason for the failure, the prejudice, and whether a continuance would cure the prejudice. Here, facts showing prejudice:

1. Deadline for Production: July 14, 2025 (30 days after service on June 12, 2025, per FRCP 34(b)(2)(A)). Status: NEVER PRODUCED.

2. Item Withheld: A Proper and Complete Response for Adjuster Notes (Request No. 2) Deadline for Response and Production: July 14, 2025. Status: PRODUCED IN A DEFICIENT, NON-COMPLIANT MANNER.

3. Issuing Boilerplate, Frivolous Objections to Conceal Critical Evidence.

4. Engaging in "Document Dumping" to Overwhelm and Obscure.

5. Using Evasive, Non-Committal Language to Avoid Certifying a Complete Production. Action: Defense Counsel stated, "Any responsive documents have been previously produced..." (Emphasis added). Prejudice: The use of the qualified word "any" instead of "all" is a lawyering trick. It allows defense to later "find" and produce additional damaging documents at a strategic time (e.g., on the eve of a hearing) and claim they were not withholding them, thereby avoiding sanctions. It prevents me from trusting that I have received a complete set of evidence.

6. Shifting the Burden of Discovery onto the Pro Se Plaintiff. Documents in the possession of an agent are under the "control" of the defendant under FRCP 34(a)(1). The duty to collect, review, and produce those documents rests solely on Defense Counsel. By making me do their work for them, they shift all the cost, effort, and procedural risk onto me, a plaintiff without a law firm's resources. Defendant is aware that plaintiff filed forma pauperis application on July 28, 2025 which still has not been approved and by it not being approved yet, it is prejudicing plaintiff.

7. Demonstrating a Pattern of Conduct That Exploits the Power Imbalance. Prejudice: This pattern demonstrates that Defense Counsel is not engaging in good-faith discovery but is instead using procedural warfare to win. Defense is leveraging her superior resources against my pro se status. This structural inequality prejudices my ability to fairly present my case and violates my right to due process. Violation: This pattern violates the Mississippi Rules of Professional

Conduct, specifically Rule 3.4(d), which states a lawyer shall not "make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." It also violates Rule 4.4(a), which states a lawyer shall not use means that "have no substantial purpose other than to embarrass, delay, or burden a third person. Exclusion is the mandatory remedy unless the late production is harmless or substantially justified. Plaintiff requests an order excluding the late evidence and requiring the Defendant to pay Plaintiff's fees for this motion.

## Conclusion of Prejudice

The prejudice is not a single event but a coordinated strategy. Defense Counsel's actions are designed to:

1. Hide the most damaging evidence (the claims manual).
2. Bury important evidence in a mountain of paper.
3. Create ambiguity about what has been produced.
4. Drain my time, energy, and resources as a pro se litigant.
5. Exploit the perceived bias of the court to engage in this conduct without fear of sanction.

Plaintiff proceeds In Good Faith, Without Dishonor, and Reserves All Rights under UCC 1-308 Without Prejudice.

Respectfully submitted August 19, 2025,

By: *Latasha Hill* (signature)
Latasha Hill
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**

**Plaintiff,**

v.

**AUTO CLUB FAMILY INSURANCE COMPANY,**

**Defendant.**

Case No.: 2:24-cv-00107-KS-BWR

Date: August 19, 2025

## CERTIFICATE OF SERVICE

Pursuant to 28 USC § 1915, FRCP 37(a), Rule 26(b)(5), FRCP 37(c)(1), FRCP 26(g) & 34(b)(2)(B), FRE 401/402/403, FRE 803(6)/805/901, FRE 702, FRE 1002/1003 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on August 19, 2025, I will serve this Motion for Appointment of experienced bad faith counsel, Motel To Compel Discovery, Motion to Exclude Exhibits, Motion in Limine to exclude references to plaintiff pro se status, Motion to limit claim files, Motion to Exclude unreliable testimony, and Motion in Limine to require authentication on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:\_\_\_/s/Latasha Hill\_\_
Latasha Hill
Propria Persona
Sui Juris