SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 1 9 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**
Plaintiff,
v.
**AUTO CLUB FAMILY INSURANCE COMPANY**
Defendant

CASE NO.: 2:24-cv-00107-KS-BWR
August 19, 2025

## MOTION TO LIMIT/EXCLUDE CLAIM FILES, BUSINESS RECORDS HEARSAY, AND "HEARSAY-WITHIN-HEARSAY" FRE 803(6); FRE 805; FRE 901

Limit/Exclude Insurer Claim Files/Business Records Exception, Hearsay-Within-Hearsay, Authentication

COMES NOW Plaintiff and moves the Court to exclude or severely limit the use of Defendant's claim file(s), adjuster notes, internal emails, and third-party reports unless the proponent establishes a proper foundation and shows each layer of hearsay is separately admissible. Alternatively, Plaintiff requests redactions and a records-custodian foundation hearing outside the jury's presence.

LEGAL STANDARD

The business-records hearsay exception (FRE 803(6)) admits records of regularly conducted activity if foundational elements are shown (made at/near time by someone with knowledge, kept in course of business, regular practice to make it) but the proponent must still satisfy authenticity (FRE 901) and any embedded double hearsay must itself satisfy an exception (FRE 805). The court may exclude portions untrustworthy or unduly prejudicial under FRE 403. See Fed. R. Evid. 803(6), 805, 901.

ARGUMENT

1. Defendant will likely attempt to admit large portions of the claim file as business records. Plaintiff does not oppose admissibility of properly foundationalized records, but the claim file commonly contains multiple layers of hearsay (third-party statements, investigator conclusions, and out-of-court summaries) that cannot be admitted unless each layer satisfies its own hearsay exception. FRE 805.

2. The Defendant must produce a records-custodian or 30(b)(6) witness able to lay the foundation under FRE 803(6): who made the entries, when, under what practice, and the basis of the entry. Absent that witness, the claim file should be excluded as unreliable and unauthenticated under FRE 901.

3. Further, many claim-file entries are subjective opinions or legal conclusions (e.g., "coverage denied because X"), which are not automatically admissible under the business records exception if the source lacks independent reliability; courts routinely redact opinion or investigatory narrative that incorporates unverified hearsay. Plaintiff requests in-camera consideration or a limiting instruction if certain portions are admitted.

RELIEF REQUESTED

Plaintiff requests the Court (A) to require the proponent of any claim-file material to lay a proper FRE 803(6) foundation through a qualified witness before admission; (B) to exclude embedded hearsay unless the proponent can show each layer independently fits a hearsay exception; (C) to

redact any opinionated or unverified narrative that lacks indicia of trustworthiness; and (D) to bar the Defendant from reading claim-file entries to the jury without foundation.

Pursuant To: FRE 803(6), FRE 805, FRE 901

i declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America, acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that i, Latasha Hill execute this document in accordance with my best knowledge and understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice. I reiterate this Plaintiff Latasha Hill proceeds in Good Faith, Without Dishonor, and All Rights Reserved under UCC 1-308, Without Prejudice.

Respectfully submitted August 19, 2025,

*Proposed order submitted

By: *Latasha Hill* (signature)
Latasha Hill
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Latasha Hill,

Plaintiff,

v.

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant.

Case No.: 2:24-cv-00107-KS-BWR

Date: August 19, 2025

### CERTIFICATE OF SERVICE

Pursuant to 28 USC § 1915, FRCP 37(a), Rule 26(b)(5), FRCP 37(c)(1), FRCP 26(g) & 34(b)(2)(B), FRE 401/402/403, FRE 803(6)/805/901, FRE 702, FRE 1002/1003 of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 5(d)(1) I, Latasha Hill, certify that on August 19, 2025, I will serve this Motion for Appointment of experienced bad faith counsel, Motel To Compel Discovery, Motion to Exclude Exhibits, Motion in Limine to exclude references to plaintiff pro se status, Motion to limit claim files, Motion to Exclude unreliable testimony, and Motion in Limine to require authentication on Priscilla K. Williams via email pkwilliams@csattorneys.com and pkw@csattorneys.com.

Method of service: [X] Email
Priscilla K. Williams
CHRISTIAN & SMALL, LLP
505 20th St. North, Suite 1800
Birmingham, Alabama 35203
205-795-6588
pkwilliams@csattorneys.com

By:\_\_\_/s/Latasha Hill\_\_
Latasha Hill
Propria Persona
Sui Juris