SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 2 0 2025
BY ARTHUR JOHNSTON
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Latasha Hill,**
Plaintiff,
v.
**AUTO CLUB FAMILY INSURANCE COMPANY**
Defendant

CASE NO.: 2:24-cv-00107-KS-BWR
August 20, 2025

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS AND TO HOLD DEFENSE COUNSEL IN CONTEMPT

**INTRODUCTION**

This case presents an extraordinary and deeply troubling instance of litigation misconduct. Despite a clear Order of this Court sealing certain private and sensitive photographs on July 17, 2025(See Doc. 66), defense counsel Priscilla K. Williams deliberately re-filed those very same photographs on August 18, 2025 as public exhibits(See Doc. 111).

This violation is not a mere oversight. It constitutes knowing disobedience of a Court order, bad faith litigation conduct, and ethical misconduct under the Mississippi Rules of Professional Conduct. Plaintiff and her minor children are now exposed to irreparable harm, including doxxing, harassment, and invasion of privacy.

Sanctions are not only appropriate, they are imperative to protect the integrity of judicial orders and deter future misconduct.

**LEGAL GROUNDS**
**A. Rule 37(b): Sanctions for Disobeying a Court Order**
Federal Rule of Civil Procedure 37(b)(2)(A) authorizes sanctions against a party or attorney who "fails to obey an order to provide or permit discovery," including:

- Striking pleadings;
- Prohibiting use of evidence;
- Treating the violation as contempt; or
- Rendering a default judgment.

Courts have consistently held that violation of a protective or sealing order falls squarely within Rule 37(b). See *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012) (affirming sanctions for violation of protective order).

## B. Rule 11: Improper Filings

Rule 11(b) requires attorneys to ensure filings are not presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Violating a sealing order and publicly filing sealed photographs is a textbook example of conduct warranting sanctions.

## C. Inherent Authority

Federal courts possess inherent power to sanction bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). This includes awarding attorney's fees, striking pleadings, or entering default judgment where a party "willfully abuses the judicial process."

## D. Local Rules and Professional Misconduct

- L.U.Civ.R. 83.1: Attorneys practicing before this Court are subject to discipline for misconduct.
- Miss. R. Prof. Conduct 3.4(c): Prohibits knowingly disobeying an obligation under tribunal rules.
- Miss. R. Prof. Conduct 8.4(d): Prohibits conduct prejudicial to the administration of justice.

Violating a sealing order is a direct violation of these ethical duties.

## ARGUMENT

### I. Defense Counsel Willfully Violated a Sealing Order

The Court's Order of July 17, 2025 sealed specific photographs due to their highly private nature. Despite that Order, Ms. Williams re-filed those same exhibits. This act was knowing and deliberate. The CM/ECF system requires affirmative steps to file under seal; thus, the suggestion of "clerical error" cannot stand.

### II. Plaintiff Has Suffered Severe Prejudice and Risk of Irreparable Harm

The improper public filing of Plaintiff's bedroom and children's photographs places Plaintiff and her family at risk of doxxing, harassment, and stalking. Such risks are not speculative—they are real, immediate, and irreparable. Once private images are placed into the public domain, the harm cannot be undone.

### III. Sanctions Are Necessary to Uphold the Integrity of Judicial Orders

If sealing orders may be openly disregarded without consequence, the Court's authority is undermined. In *Smith & Fuller*, the Fifth Circuit affirmed sanctions where counsel's violation of a protective order "threatened the integrity of the judicial process itself." 685 F.3d at 488.

### IV. Appropriate Sanctions Include Monetary Fines, Fee-Shifting, Disciplinary Referral, and Case-Dispositive Relief

Given the bad faith and willful nature of this misconduct, sanctions should include:

1. Monetary fines sufficient to deter similar conduct;
2. An award of costs and fees to Plaintiff;
3. Referral of counsel to the Mississippi Bar for professional discipline; and

4. Case-dispositive sanctions (including striking of defenses or entry of default judgment) under Rule 37(b)(2)(A)(iii)–(vi).

The Court's inherent authority under *Chambers* fully supports such relief when a litigant or counsel acts in bad faith.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Hold Priscilla K. Williams in civil contempt;
2. Strike the offending exhibits from the record;
3. Award monetary sanctions and attorney's fees to Plaintiff;
4. Refer Ms. Williams to the Mississippi Bar and this Court's Disciplinary Committee;
5. Strike Defendant's affirmative defenses or, alternatively, enter default judgment; and
6. Grant such further relief as justice requires.

i declare under the penalty of bearing false witness before God recognized under the laws in and for the Mississippi state, the laws of The united States of America, acting with sincere intent, do hereby certify and state that the foregoing contents are true and not intended to mislead anyone, and that i, Latasha Hill execute this document in accordance with my best knowledge and understanding without dishonor, without recourse, with All Rights Reserved, and Without Prejudice. I reiterate this Plaintiff Latasha Hill proceeds in Good Faith, Without Dishonor, and All Rights Reserved under UCC 1-308, Without Prejudice.

Respectfully submitted August 20, 2025

By: *Latasha Hill*
Latasha Hill
Without Prejudice
UCC 1-308

Latasha Hill
8 Annie Christie Drive
Hattiesburg, MS 39401
latashahill30047@yahoo.com
601-202-3262
Case: 2:24-cv-00107-KS-BWR