IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LATASHA HILL**                                                    **PLAINTIFF**

v.                                           **Civil No. 2:24-cv-00107-KS-BWR**

**AUTO CLUB FAMILY INSURANCE
COMPANY**                                                  **DEFENDANT**

## ORDER DENYING PLAINTIFF'S LATE DISCOVERY MOTIONS

BEFORE THE COURT are the following late discovery Motions filed by *pro se* Plaintiff Latasha Hill:

1. Hill's "Motion to Compel Production of Claims Manual and Supplemental Responses to Discovery Requests" [88]. Defendant Auto Club Family Insurance Company (AAA) filed a Response [96]. Hill did not file a reply.

2. Hill's "Emergency Motion for Sanctions Under FRCP and L.U.Civ.R. 37 for Defendant's Bad-Faith Discovery Abuse, Spoliation, and Fraud on the Court" [89]. AAA filed a Response [97]. Hill did not file a reply.

3. Hill's "Motion for Sanctions Pursuant to FRCP 11, 26(g)(3), 37(c)(1), and L.U.Civ.R. 7(b)(2) & 26(a)(3) for Defendant's Exhibit Fraud and Expert Disclosure Violations" [104]. AAA filed a Response [111]. Hill did not file a reply.

4. Hill's "Motion to Compel Discovery (FRCP 37(a)) and GOOD FAITH CERTIFICATE (L.U.Civ.R. 37) Plaintiff's Motion to Compel Discovery and for Entry of an Order Requiring Production," which is docketed as Motions [114] and [115]. AAA filed a Response [136]. Hill did not file a reply.

5. Hill's "Motion to Exclude Undisclosed Witnesses/Exhibits and for Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1)," which is docketed as Motions [118] and [119]. AAA filed a Response [134]. Hill did not file a reply.

## I. BACKGROUND

A. <u>Procedural History</u>

Plaintiff filed her Complaint through attorneys P. Manion Anderson and Hunter Salamone on May 17, 2024 in the Circuit Court of Forrest County, Mississippi. Pl.'s Compl. [1-2]. On July 19, 2024, AAA removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §1332. Def.'s Not. [1] at 3-4.

On August 28, 2024, a Case Management Order [8] was entered that established deadlines and a trial date. In the year-plus since, both sides designated experts, the discovery deadline passed on April 1, 2025, and the deadline for dispositive and *Daubert* was initially April 15, 2025. Case Mgmt. Ord. [8] at 4-5. On April 15, 2025, Anderson, on behalf of Hill, filed a Motion for Partial Summary Judgment [25], and AAA filed a Motion for Summary Judgment [27].

Two weeks later, on May 1, 2025, Anderson moved to withdraw as Hill's counsel and requested a stay of proceedings to allow Hill time to obtain substitute counsel. Pl.'s Mot. [31] [32]. On May 2, 2025, Hill filed a letter that provided, "effectively immediately, I, Latasha Hill, will be representing myself *pro se* in the above-referenced matter until further notice as I continue seeking new legal counsel." Pl.'s Letter [33] at 1. Hill said that the letter "serve[d] as sufficient notice and

confirmation of the termination of [Anderson's] representation in this case." *Id.* On May 21, 2025, Salamone moved to withdraw as Hill's counsel. Pl.'s Mot. [50].

On May 21, 2025, United States District Judge Keith Starrett held a telephone conference to address Anderson's and Salamone's Motions to Withdraw [31] [32] [50] and Hill's filing of sixteen documents on her own accord from May 5 through 21, 2025, wherein she discussed her disagreements with Anderson regarding case strategy, settlement, and his fee. *See* ECF Nos. [34] [35] [36] [37] [38] [39] [40] [41] [42] [43] [44] [45] [46] [47] [48] [49].

On May 22, 2025, Judge Starrett issued an Order allowing Anderson and Salamone to withdraw and denying Anderson's request to stay proceedings because Hill "not only voiced her consent to the Court during the conference but also filed a Notice of Pro Se Representation [33], agreeing to allow her attorneys to withdraw." Order [51] at 1; Pl.'s Letter [33] at 1. The Order struck sixteen documents Hill had filed on her own, before her attorneys were allowed to withdraw, and Hill was

> reminded that filings in this case shall relate only to the action before the Court, *i.e.*, claims against Defendant, Auto Club Family Insurance Company. Issues relating to her relationship, fee agreements, and/or disagreements with her prior attorneys are not before the Court, and any documents addressing such issues, as have been filed previously, are subject to being stricken *sua sponte*.

*Id.* at 2.

Judge Starrett kept intact Hills's deadline of June 2, 2025 to respond to AAA's Motion for Summary Judgment and told her that she could file a motion requesting more time to respond if needed. *Id.* On June 2, 2025, Hill filed a Response to AAA's

3

Motion for Summary Judgment, attaching over forty pages of exhibits. Pl.'s Resp. [53]. AAA replied on June 9, 2025. Def.'s Reply [54].

Eighteen days later, on June 20, 2025, Hill filed a Motion for Leave to File First Amended Complaint. Pl.'s Mot. [69]. This was nine and a half months after the September 6, 2024 amended pleadings deadline, and after Hill had reviewed AAA's Motion for Summary Judgment with its accompanying 122 pages of exhibits. On June 30, 2025, Hill filed a Motion for Leave to File a Second Amended Complaint, accompanied by sixty pages of exhibits. Pl.'s Mot. [71], Pl.'s Mem. [72]. Also on June 30, 2025, and without leave of Court, Hill filed a Second Amended Complaint. Pl.'s Sec. Am. Compl. [75].

On July 9, 2025, Judge Starrett granted Hill's Motion for Partial Summary Judgment, observing that AAA did not oppose the relief. Order [82] at 1. Hill was granted summary judgment on AAA's Fifth, Sixth, Seventh, Tenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth affirmative defenses. *Id.*

On July 31, 2025, Judge Starrett granted Hill's Motions to Amend [69] [71]. The Order provided: "There being no response from Defendants within the time allowed by the Local Uniform Civil Rules, the Motions are hereby granted. Ord. [98] at 1 (citing L.U.Civ.R. 7(b)). AAA was given until August 14, 2025 to answer Hill's amended allegations, which are contained in a composite of documents [1-2] [69-1] [69-2] [71] [74] [75] that are now termed the Amended Complaint. Hill's Amended Complaint added four claims that she labeled as (1) violation of UCC §1-304 of the Uniform Commercial Code (Count VIII), (2) fraudulent inducement (Count IX); (3)

4

negligent inspection (Count X); and (4) fraud and misrepresentation (Count XI). *See* Pl.'s Compl. [1-2] at 5-10, Pl.'s First Am. Compl. [69-1] at 1-3; Pl.'s Supp. Page [69-2] at 1; Pl.'s Mot. [71] at 1, Pl.'s Supp. Page [74] at 1-3; Pl.'s Sec. Am. Compl. [75] at 1-4. Judge Starrett concluded that given Hill's new claims, denial of AAA's Motion for Summary Judgment [27] without prejudice was appropriate. Order [98] at 1. Judge Starrett reset the deadline for dispositive and *Daubert* motions to September 19, 2025. AAA has now answered Hill's Amended Complaint. Def.'s Answer [110].

    B. Pending discovery motions

        1. **First discovery Motion [88]**

Hill's first discovery Motion [88], filed July 15, 2025, seeks "the Claims Manual and related claims handling documents responsive to Plaintiff's Requests for Production." Pl.'s Mot. [88] at 1. Hill maintains that "Eberl's production (ESC 0001-00456) omits key metadata (e.g., timestamps, edit histories). FRCP 34(b)(2)(E) requires native-format production." Ex. [88-1] at 1. Plaintiff asserts the documents are relevant to her "claims of bad faith, breach of contract, and unfair claims practices." *Id.* She invokes Federal Rule of Civil Procedure 26(e)(1) and submits that AAA has a duty to supplement its production with these documents and information. Pl.'s Mot. [88] at 2. Hill demands AAA produce a privilege log for any withheld documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(A). *Id.* Hill provided the Requests for Production that she seeks AAA to supplement:

> REQUEST FOR PRODUCTION NO. 1: Produce the complete claims handling manual in effect for Plaintiff's policy (Pl-81826-1) from 2021-2022, including all sections related to wind damage claims.

5

> ANSWER: Defendant objects to this request to the extent it seeks information that is irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents beyond the scope of Rule 26, Fed. R. Civ. P. and is not proportionate to the needs of the case.
>
> REQUEST FOR PRODUCTION NO. 2: Produce all adjuster notes, emails, and reports from Eberl Claims Services regarding Claim #014843458.
>
> ANSWER: Any responsive documents have been previously produced in Auto Club's Initial Disclosures (*See* Auto Club Initial Disclosures 00001-00884) and by Ebert Claims Service's response to Plaintiff's non-party subpoena (*See* ESC 00001-00456).

Pl.'s Ex. [88-2] at 1-2.

AAA opposes Hill's Motion because Hill requested AAA to supplement its responses to Requests for Productions 1 and 2 more than two months after the April 1, 2025 discovery deadline, and Hill's Motion was filed three and a half months after the discovery deadline. Def.'s Resp. [96] at 1-2. AAA's counsel Priscilla K. Williams submitted that before Hill filed the Motion, Williams "attempted to speak with [Hill] regarding these discovery requests . . . [Hill] would not speak to the undersigned without a written agreement as to the parameters of the phone call prior to the phone call taking place." *Id.* at 2. AAA opposes Hill's Motion because Hill did not confer in good faith before filing the discovery motion which the Case Management Order requires. *Id.* at 3. AAA submits that Hill's Motion should also be denied because it was not accompanied by a Good Faith Certificate, which Local Uniform Civil Rule 37(a) requires. *Id.*

2. **Second discovery Motion [89]**

Hill's second discovery Motion [89] requests sanctions against opposing counsel Williams for "[w]illful refusal to produce the claims manual," "[f]raudulent misrepresentation regarding adjuster notes," and "[s]poliation of evidence and defense counsel's ethical violations under Mississippi Rule of Professional Conduct 3.3(a)(1)." Pl.'s Mot. [89] at 1. According to Hill, "[t]he manual is central to proving Auto Club's systematic denial of wind-damage claims." *Id.* Hill says the claims manual has been withheld without producing a privilege log, and if the manual does not exist, "it constitutes destruction of evidence" that would prove AAA violated its own policies. *Id.* at 2-3. Hill alleges that Williams made a fraudulent statement when she represented that adjustor notes had been produced because "[t]he Eberl Claims subpoena (Doc. 22) proves critical notes were omitted." *Id.* at 2. According to Hill, "[a]djustor notes were intentionally destroyed." *Id.* at 3. Hill asks that AAA's pleadings be stricken for discovery fraud and she be awarded costs. *Id.*

Hill's Motion provides that "[c]laims manuals are routinely discoverable in bad-faith insurance cases (*Patterson v. Allstate,* 2019 WL 1239855 (S.D. Miss. 2019))." *Id.* at 2. Hill writes that "Mississippi law (*Architex Ass'n v. Scottsdale Ins.,* 2022 WL 1234567) holds claims manuals discoverable in bad-faith litigation." *Id.* Hill alleges there is "fraud on the court under *Hazy v. Ford Motor Co.,* 2021 WL 2345678." *Id.* at 3.

AAA opposes the second discovery Motion for the same timeliness and procedural reasons as Hill's first discovery Motion. Def.'s Resp. [97] at 1. AAA claims Hill's accusations "regarding withholding documents are either conclusory

statements without support or are just plainly inaccurate." *Id.* AAA maintains that Hill's arguments based on a "systematic denial of wind-damage" claim are inconsequential because Hill did not plead a "systematic denial of wind-damage" claim. *Id.* at 2. AAA researched the cases Hill cite and did not find the cases "*Patterson v. Allstate,* 2019 WL 1239855 (S.D. Miss. 2019)" and "*Hazy v. Ford Motor Co.,* 2021 WL 2345678" cited by Hill. Def.'s Resp. [97] at 2-4. AAA's research found that *Architex* was a Mississippi Supreme Court case, but it "did not decide a discovery question or the production of a claims manual, but rather decided whether a policy definition of 'occurrence' excluded coverage for property damage caused by a subcontractor's alleged negligence." *Id.* at 2 (citing *Architex Ass'n v. Scottsdale Ins.,* 27 So. 3d 1148 (Miss. 2010)).

### 3. Third discovery Motion [104]

Hill's third discovery Motion [104] moves for sanctions against AAA and Williams "for fraudulent exhibits (Docket 28) and untimely, deceptive expert disclosures (Docket 21)[.]" Pl.'s Mot. [104] at 1. Hill submits that AAA's expert disclosures were due February 6, 2025 but not "filed" until February 17, 2025. *Id.* at 3 (referencing Def.'s Notice of Service of Expert Disclosures [21]). Hill claims "Inadequate Expert Report" summarily, listing the words and rules "Expert qualifications (FRCP 26(a)(2)(B)(iv))", "Basis for opinions (FRCP 26(a)(2)(B)(i))," and "Compensation agreement (FRCP 26(a)(2)(B)(vi))." *Id.* Hill asserts that she "could not depose the expert or rebut opinions before discovery closed." *Id.*

8

The rest of Hill's third Motion [104] concerns AAA's Motion for Summary Judgment. Hill complains of "[u]nlabeled, [u]nauthenticated [e]xhibits" attached to AAA's Motion for Summary Judgment, a "[f]raudulent CoreLogic [w]ind [r]eport" that "[c]ontradicts NOAA weather data (Plaintiff's Ex. B, Docket 72) showing hurricane-force winds on the loss" and omission of "metadata (creation date, author), suggesting fabrication." *Id.* at 2. AAA urges that Hill's arguments about the exhibits to AAA's Motion for Summary Judgment are moot because the Motion for Summary Judgment was denied as moot when Hill was allowed to amend her Complaint. Def.'s Resp. [111] at 1.

AAA "admits that its expert disclosure was due February 6, 2025, and was not made until the next day." *Id.* at 2. AAA filed its Notice of Service of Expert Disclosures [21] on February 17, 2025, but disclosed Robert James as a retained expert ten days earlier, on February 7, 2025, producing his written and signed report, resume, and rate schedule. *Id.* (citing Def.'s Ex. [111-1]). AAA disputes Hill's claim that there was not enough time to depose James because "a period of fifty-three days existed between the date of Defendant's expert disclosures and the close of discovery on April 1, 2025." *Id.* AAA says Hill never requested to depose James. *Id.*

**4. Fourth and fifth discovery Motions [114] [115]**

Hill's fourth and fifth discovery Motions [114] [115] repeat requests for discovery sought in the first discovery Motion [88]. Hill adds a request "to compel a Rule 30(b)(6) corporate designee deposition." Pl.'s Mot. [114] at 1; Pl.'s Mot. [115] at 1. AAA restates its defenses to the earlier discovery Motions. Def.'s Resp. [136].

9

**5. Sixth and seventh discovery Motions [118] [119]**

Hill's sixth and seventh discovery Motions [118] [119] repeat earlier requests. Pl.'s Mot. [118] at 1. Hill claims AAA's discovery responses are evasive, noncommittal, and intended to obscure. *Id.* at 3.

AAA adds to its defense to Hill's discovery Motion that its responses to Hill's Requests for Production 1 and 2 show that Hill already possesses some of the documents she is now requesting. Def.'s Resp. [134] at 2. AAA denies Hill's accusation that AAA produced discovery haphazardly in a "document dump." *Id.* AAA says that its

> initial disclosures itemized by bates number reference specific categories of documents, such as the certified policy, Eberl Claims photo sheets, documents from United Claims Specialists regarding Plaintiff's claim, claim denial letters, and correspondence from Auto Club to Plaintiff and/or to Plaintiff's representative. . . . Although the claim file was designated as the entirety of the initial disclosure production, that is because all documents produced are the claim file.

*Id.*

AAA asserts that its responses to Hill's requests for production also identify documents by specific bates number pages. *Id.* As for Hill's complaints about Eberl Claims Service's subpoena response, AAA submits that it has no control over a third-party's production in response to a subpoena. *Id.*

## II. DISCUSSION

The discovery period expired on April 1, 2025, which was one month before Hill's counsel moved to withdraw. "The discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by

the Federal Rules of Civil Procedure must be made and by which all depositions must be concluded. Supplementation of disclosures must be concluded by the discovery deadline." L.U.Civ.R. 26(b)(1).

Federal Rule of Civil Procedure 16(b) provides that the Court shall enter a scheduling order and it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Hill, proceeding *pro se*, filed the seven discovery motions at issue from July 15, 2025 to August 19, 2025. All were filed months too late and without following the pre-filing requirements for discovery motions. None addressed the excusable neglect or good cause factors. Hill filed all seven Motions without first "contact[ing] the chambers of the magistrate judge to request a telephone conference with the judge," which is required by the Case Management Order. *See* Case Mgmt. Ord. [8] at 3. None of the seven Motions are accompanied by a Form 4 Good Faith Certificate, which is required by Local Rule 37(a). L.U.Civ.P. 37(a) ("A Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions."); *see Pace v. State Farm Fire & Cas. Co.*, No. 2:23-cv-19-HSO-BWR, 2024 WL 1655599, at *4 (S.D. Miss. Jan. 11, 2024) ("This prerequisite is not an empty formality."). Hill moves for Federal Rule of Civil Procedure 11 sanctions, but she did not satisfy Rule 11's safe harbor requirement. Fed. R. Civ. P. 11(c)(2).

"A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U.Civ.R. 7(b)(2)(C). "The obvious purpose of Rule 7(b)(2)(C) is to resolve disputes over the scope of discovery while time remains to conclude it." *Gipson v. Mgmt. & Training Corp.*, 2018 WL 736265, at *6 (S.D. Miss. Feb. 6, 2018). Hill's discovery Motions could not have been briefed, decided, and effectuated prior to the discovery deadline because they were filed months after the discovery deadline.

If Hill wanted to depose witnesses, she had a deadline of April 1, 2025 to do so. If Hill believed that AAA's responses to Requests for Production 1 and 2 were insufficient, that AAA needed to supplement its disclosure and responses, or that AAA's expert should be stricken because AAA made its disclosure one day late, her remedy was to first meet the pre-filing requirements for a discovery motion and then promptly file a motion to compel or a motion to strike sufficiently in advance of the April 1, 2025 discovery deadline to allow time for briefing, a ruling, and time to effectuate the ruling. Hill's attempt to shift blame to opposing counsel does not work because

> if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion for compel. If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failure of the other party to respond, even if that is in bad faith.

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

To the extent that Hill blames her withdrawn counsel for not obtaining the discovery she now seeks, Hill voluntarily chose her attorneys and retained them through the discovery period and until two weeks after the initial April 15, 2025 dispositive and *Daubert* motions deadline. Civil litigants are "held accountable for the acts and omissions of their chosen counsel." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 397 (1993). "[T]he client is responsible for choosing h[er] lawyer and cannot claim inadequacies as an excuse for failing to meet deadlines and duties imposed by law." *Superior Diving Co., Inc. v. Cortigene,* 372 F. App'x 496, 497 (5th Cir. 2010). Hill consented to Anderson's withdrawal, confirmed that the termination was mutual, and indicated that she would timely respond to AAA's Motion for Summary Judgment, which she did. Hill's dissatisfaction with her prior counsel is not excusable neglect or good cause.

Discovery has been over for nearly five months. Nothing at the May 21, 2025 teleconference or included in the Order allowing Hill's counsel to withdraw contemplated reopening discovery. Order [51]. Resolution of AAA's Motion for Summary Judgment has already been delayed, and the trial date continued, because Hill moved to amend her pleadings nine and a half months after the amended pleadings deadline, and AAA did not oppose those requests. Dispositive and *Daubert*[1] motions are now due again on September 19, 2025. Hill admits that her four new claims "stem from the same transactions as the original complaint." Hill Aff. [70] at 1. Hill had from August 2024 to April 1, 2025 to obtain discovery about those

---

[1] *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).

transactions. Hill has obtained discovery, including "the certified policy, Eberl Claims photo sheets, documents from United Claims Specialists regarding Plaintiff's claim, claim denial letters, and correspondence from Auto Club to Plaintiff and/or to Plaintiff's representative." Def.'s Resp. [134] at 2. Hill has "the claim file." *Id.*

As for the last excusable neglect factor, good faith, Hill's is questionable. Hill's second discovery Motion [89] cites "*Patterson v. Allstate,* 2019 WL 1239855 (S.D. Miss. 2019)" and "*Hazy v. Ford Motor Co.,* 2021 WL 2345678"). Pl.'s Mot. [89] at 2-3. The case "*Hazy v. Ford Motor Co.*" does not exist. The citation "2019 WL 1239855" is not the Westlaw citation for a case titled "*Patterson v. Allstate*" but the citation for *Holt v. Jefferson Co. Comm. For Econ. Opportunity*, No. 2:17-cv-00683-JHE, 2019 WL 1239855 (N.D. Ala. Mar. 18, 2019), a Fair Labor Standards Act case that is not about claims manual discovery. Hill cites "*Architex Ass'n v. Scottsdale Ins.*, 2022 WL 1234567," a fictional citation. Pl.'s Mot. [89] at 2. The correct citation is *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148 (Miss. 2010), and the opinion is not about claims manual discovery.

In at least one other Motion, Hill cites cases that do not stand for the proposition for which she cites them. Hill cites "*Canal Ins. Co. v. Coleman*, 625 So. 2d 297 (Miss. 1993)," "*Levens v. Campbell*, 733 So. 2d 753 (Miss. 1999)," "*Johnson v. Preferred Risk Auto. Ins. Co.,* 659 So. 2d 866 (Miss. 1995)," and "*Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869 (5th Cir. 1991)" for the argument that claims manuals are always discoverable where bad faith is alleged. Pl.'s Mot. [94] at 5. "*Canal Ins. Co. v. Coleman*, 625 So. 2d 297 (Miss. 1993)" is a fictional citation. An opinion with

14

that case name exists, but it is a 2010 Fifth Circuit opinion that is not about claims manual discovery. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244 (5th Cir. 2010). Hill has offered the correct citations for *Levens, Johnson,* and *Dunn,* but these opinions also are not about claims manual discovery.

      The Court is concerned that what Hill has offered as legal authority is the result of output from generative artificial intelligence (AI), which is known to fabricate case citations (so-called "hallucinations"). *See Malone-Bey v. Lauderdale Cnty. Sch. Bd.*, No. 3:25-cv-380-KHJ-MTP, 2025 WL 2098352, at *3 (S.D. Miss. July 25, 2025); *Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 882 (N.D. Miss. 2025). Hill is on notice that submitting documents containing AI hallucinations is sanctionable conduct, and *pro se* litigants are not immune from being sanctioned for it. *See Malone-Bey,* 2025 WL 2098352, at *3 (warning *pro se* plaintiff that using fabricated citations may result in stricken filings and monetary penalties); *Ferris,* 778 F. Supp. 3d at 882 (ordering pro se plaintiff to pay opponent's reasonable costs and expenses incurred because of the plaintiff's "fake case citations hallucinated by artificial intelligence").

      Even if Hill did not use AI to assist with citing legal opinions and holdings, she still must comply with Federal Rule of Civil Procedure 11. *Malone-Bey,* 2025 WL 2098352 at *5. Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

15

circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "[C]iting to fake legal opinions (or hallucinated legal holdings therein)" wastes "the Court's time and judicial resources" and violates a party's Rule 11 obligations. *Malone-Bey,* 2025 WL 2098352 at *5.

Hill has made about 80 filings since May 1, 2025, the date her counsel moved to withdraw. The filings are repetitive and some contain scurrilous allegations. Some serve no discernable legal purpose, such as a document Hill filed titled, "Biblical Affidavit of Standing and Declaration of Scriptural Rebuke." Pl.'s Aff. [101]. From August 19 through 20, 2025, Hill filed thirteen motions. Seven late, procedurally improper, and repetitive discovery Motions are now before the Court.

Hill is warned that "[a]lthough some latitude may be afforded to *pro se* plaintiffs who misunderstand the procedural nature of the law, *pro se* status is not a license to litter the dockets of the courts." *Demarsh v. Barlow*, No. 4:07-cv-174, 2007 WL 4368048, at *2 (E.D. Tex. Dec. 13, 2007); *see Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986) (stating that *pro se* litigants have "no license" to "abuse already overloaded court dockets"). The Court possesses the inherent authority to sanction a party "for conduct which abuses the judicial process" a power "necessarily vested in courts to manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO,* 501 U.S. 32, 44-45 (1991) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962). Pro se litigants subject

themselves "to the established rules of practice and procedure." *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). They are responsible for meeting deadlines, complying with orders, and complying with the procedural and substantive rules of the Court, including the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Uniform Civil Rules.

The portion of Hill's third Motion [104] that concerns the exhibits attached to AAA's now-denied Motion for Summary Judgment [27] is moot. Should these exhibits be refiled as attachments to AAA's renewed motion for summary judgment, due September 19, 2025, Hill can assert arguments about them in her response to AAA's renewed motion for summary judgment. But the time for discovery and discovery motions has long passed.

**IT IS THEREFORE ORDERED** that Hill's discovery Motions [88] [89] [104] [114] [115] [118] [119] are **DENIED**.

**SO ORDERED**, this the 17th day of September 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE